134 F.3d 971
 98 Cal. Daily Op. Serv. 547, 98 Daily Journal
D.A.R. 773
In re Fred DI GIORGIO; Irene Di Giorgio, Debtors.
Fred DI GIORGIO; Irene Di Giorgio, Plaintiffs-Appellees,
v.
Josephine LEE, Defendant,
and
County of Los Angeles; Sheriff's Department, County of Los
Angeles, Court Services Division; Sherman Block,
Sheriff, of Los Angeles County,
Defendants-Appellants.
In re Fred Di Giorgio; Irene Di Giorgio, Debtors,
Fred Di Giorgio; Irene Di Giorgio, Plaintiffs-Appellees,
v.
Josephine Lee, Defendant-Appellant,
and
County of Los Angeles; Sheriff's Department, County of Los
Angeles, Court Services Division; Sherman Block,
Sheriff, of Los Angeles County, Defendants.
 Nos. 96-56151, 96-56155.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 3, 1997.
Decided Jan. 22, 1998.
 
 Kenneth A. Levine and Anthony P. Serritella, Serritella & Paquette, Los Angeles, California; Trevor A. Grimm, Kaplanis and Grimm, Los Angeles, California, for defendants-appellants.
 Rodger M. Landau and Steven M. Spector, McDermott, Will & Emery, Los Angeles, California, for plaintiffs-appellees.
 Floyd D. Shimomura, Assistant Attorney General, Sacramento, California, for amicus Attorney General.
 Craig Mordoh, California Apartment Law Information Foundation, Los Angeles, California, for the amicus.
 Appeals from the United States District Court for the Central District of California; William J. Rea, District Judge, Presiding. D.C. No. CV-95-06074-WJR.
 Before: BEEZER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 Josephine Lee, Sheriff Sherman Block and the County of Los Angeles Sheriff's Department appeal a permanent injunction against the enforcement of California Code of Civil Procedure § 715.050. Because the action for injunctive relief became moot prior to entry of the injunction, we vacate and remand with instructions to dismiss.
 
 
 2
 * Irene and Fred Di Giorgio and Josephine Lee were parties to a residential lease agreement. The lease expired in 1992, but was extended by agreement of the parties until 1995. The Di Giorgios failed to pay rent to Lee from August 1994 to January 1995. On January 6, 1995, Lee served the Di Giorgios with a three-day notice to pay rent or quit. When the Di Giorgios failed to pay the outstanding rent, Lee initiated an action for unlawful detainer pursuant to California's statutory provisions for eviction.
 
 
 3
 The parties negotiated a Stipulation for Judgment (the "Judgment"), which was entered by the municipal court on February 15, 1995. According to the terms of the Judgment, the Di Giorgios forfeited the residential lease and agreed to pay Lee $10,224 in overdue rent. The Judgment also provided for the issuance of a writ of possession, but final lockout was delayed until March 6, 1995. On February 16, 1995, the municipal court issued a writ of possession, which the Sheriff's Department subsequently served on the Di Giorgios with a notice to vacate.
 
 
 4
 On March 2, 1995, four days before the final lockout date, the Di Giorgios filed a voluntary chapter 7 petition for bankruptcy under Title 11 of the U.S. Code. The Di Giorgios concurrently filed an adversary proceeding in the bankruptcy court against Lee, Sheriff Block and the Sheriff's Department, seeking to permanently enjoin the use of California Code of Civil Procedure § 715.050 to enforce the writ of possession. The Di Giorgios were still in possession of the rental property at the commencement of the adversary proceeding.
 
 
 5
 California Code of Civil Procedure § 715.050 provides that "a writ of possession issued pursuant to a judgment for possession in an unlawful detainer action shall be enforced ... without delay, notwithstanding receipt of notice of the [tenant's] filing ... of a bankruptcy proceeding." Cal.Civ.Proc.Code § 715.050. In the adversary proceeding, the Di Giorgios argued that § 715.050 was preempted by 11 U.S.C. § 362, which imposes an automatic stay on all proceedings, except as provided in the statute, involving property of the bankrupts' estate once a petition for bankruptcy has been filed. The Di Giorgios sought declaratory and injunctive relief prohibiting enforcement of § 715.050.
 
 
 6
 Before the hearing in bankruptcy court, the Di Giorgios voluntarily surrendered possession of the rental property to Lee. Even though the Di Giorgios had vacated the rental property, the bankruptcy court determined that an actual controversy existed between the parties. The bankruptcy court declared that § 715.050 was preempted by 11 U.S.C. § 362, and permanently enjoined the enforcement of § 715.050 against the Di Giorgios and all other debtors.
 
 
 7
 On appeal pursuant to 28 U.S.C. § 158(a), the district court observed that the bankruptcy court made no formal findings regarding the actual date on which the Di Giorgios vacated the rental property. Concluding that it would be inappropriate for a court exercising appellate jurisdiction to consider facts beyond the formal findings, the district court declined to hold that the Di Giorgios' action was moot. The district court then affirmed the declaratory and injunctive relief granted by the bankruptcy court. Lee, Sheriff Block and the Sheriff's Department timely appealed.
 
 II
 
 8
 The doctrine of mootness precludes federal court decision of "questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). We review the district court's determination regarding mootness de novo. In re Arnold & Baker Farms, 85 F.3d 1415, 1419 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 681, 136 L.Ed.2d 607 (1997). If a federal court lacked jurisdiction to decide an issue before it, we exercise appellate jurisdiction "merely for the purpose of correcting the error of the lower court in entertaining the suit." United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 832, 80 L.Ed. 1263 (1936). We have jurisdiction, and we vacate the judgment of the district court.
 
 
 9
 To qualify for adjudication in federal court, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, --- U.S. ----, ----, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997) (quoting Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975)) (internal quotation marks omitted). Whenever an action loses its "character as a present live controversy" during the course of litigation, federal courts are required to dismiss the action as moot. Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir.1989).
 
 
 10
 As debtors occupying rental property subject to a writ of possession, the Di Giorgios properly could challenge § 715.050 when they filed their bankruptcy petition. See Arizonans for Official English, --- U.S. at ----, 117 S.Ct. at 1069. However, the Di Giorgios' action ceased to be a "present live controversy" the moment the Di Giorgios vacated the rental property. See id. Because the Di Giorgios did not possess property subject to a writ of possession at the time of the hearing in bankruptcy court, they "lack[ed] a legally cognizable interest in the outcome" of the adversary proceeding. See Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). The bankruptcy court erred by not dismissing the Di Giorgios' action as moot.
 
 
 11
 Lee and the Di Giorgios contend that an agreement (the "Agreement") reached before the bankruptcy hearing preserved the justiciability of the Di Giorgios' action. Under the Agreement, the Di Giorgios surrendered the rental property to Lee in exchange for Lee's promise to reinstate the Di Giorgios as tenants or pay the Di Giorgios a nominal sum if the Di Giorgios ultimately prevailed. At oral argument, counsel for the Di Giorgios admitted that the Agreement was designed to permit judicial review of § 715.050 even though the Di Giorgios no longer possessed property subject to a writ of possession.
 
 
 12
 The bankruptcy court held that the Agreement sufficiently preserved the adversarial nature of the Di Giorgios' action despite the Di Giorgios' surrender of the rental property. We disagree. An action in federal court becomes moot if the personal interest required to initiate the action ceases to exist. See United States Parole Commission v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980) (quoting Henry P. Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)). When the Di Giorgios vacated the rental property, they lost their personal interest in challenging the Sheriff's use of § 715.050 to enforce a writ of possession against bankrupt tenants. Although the Agreement was clearly an attempt to preserve a real case or controversy regarding the application of § 715.050, barriers to federal court jurisdiction cannot be overcome by agreement of the parties. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934).
 
 
 13
 Lee and the Di Giorgios also argue that the enforcement of a writ of possession pursuant to § 715.050 falls into an exception to the mootness doctrine for injuries that are "capable of repetition, yet evading review." Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973). To qualify for this exception, there must be a reasonable expectation that the complaining party will be subject to the same injury in the future. Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir.1994). In addition, the injury suffered must be so inherently limited in duration that the action will become moot before the completion of appellate review. Id. at 1509-10.
 
 
 14
 The Di Giorgios have not demonstrated a reasonable expectation that they will file for bankruptcy in the future while subject to a writ of possession for unlawful detainer of rental property. Moreover, nothing in this action suggests an inherent durational limit that would preclude appellate review of § 715.050 in future cases. See DeFunis v. Odegaard, 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974); Roe, 410 U.S. at 125, 93 S.Ct. at 712-13. Had the Di Giorgios remained in possession of the rental property throughout this litigation, their complaint would continue to present a justiciable question.
 
 
 15
 Because our determination of the constitutionality of § 715.050 cannot affect the property interests of the Di Giorgios, this case no longer contains the essential elements of a justiciable controversy. See Arizonans For Official English v. Arizona, --- U.S. at ----, 117 S.Ct. at 1060. We vacate the judgment of the district court and remand with instructions to dismiss this action. See United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 106-07, 95 L.Ed. 36 (1950).
 
 
 16
 VACATED AND REMANDED.