Russell L. LEE, Plaintiff–Appellant,

v.

Albert I. KAUFMAN; Jack P. Koszdin; State Compensation Insurance Fund, Defendants–Appellees,

Workers' Compensation Appeals Board of the State of California, Defendant.

No. 00–55436.

D.C. No. CV–99–4996–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 23, 2001.

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM[2]

Russell L. Lee appeals pro se two orders of the district court dismissing his complaint and action seeking supplemental workers' compensation benefits and damages for alleged violations of his civil rights. Because the district court clearly intended the minute order entered on February 18, 2000 to terminate the action, we have jurisdiction pursuant to 28 U.S.C. § 1291. *See Nevada v. Burford,* 918 F.2d 854, 855 (9th Cir.1990). We affirm.

We review dismissals de novo and may affirm on any ground supported by the record. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998). Because the vague and conclusory statements in the First Amended Complaint failed to state a claim for intentional infliction of emotional distress, a racially-moti-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

vated conspiracy to deny Lee equal protection of California's workers' compensation laws, or breach of the covenant of good faith and fair dealing, the district court did not err by dismissing the action. *See Sabow v. United States*, 93 F.3d 1445, 1454–55 (9th Cir.1996) (intentional infliction of emotional distress); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982) (civil rights conspiracy); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 36, 44 Cal. Rptr.2d 370, 900 P.2d 619 (Cal.1995) (implied covenant of good faith and fair dealing). In light of the foregoing, we need not consider the effect, if any, of Lee's failure to timely oppose defendants' motions to dismiss. *See Torres v. City of Santa Ana*, 108 F.3d 224, 228 n. 2 (9th Cir.1997).

■ We review questions of mootness de novo. *See Di Giorgio v. Lee (In re Di Giorgio)*, 134 F.3d 971, 974 (9th Cir.1998). Because the district court had previously dismissed the case, it did not err by denying Lee's motion to compel restitution as moot. *See generally id.* (stating that action is moot where no live issue or parties lack legally cognizable interest in outcome).

We have considered Lee's remaining contentions and reject them for lack of merit.

Appellee Jack Koszdin's motion for leave to file a late brief is granted. The clerk shall file the brief received on July 10, 2000.

AFFIRMED.