Jana BAYLISS, Plaintiff,

v.

John J. MADDEN, Jr., and Larry G. Massanari, Acting Commissioner of Social Security, Defendants.

Nikki McBeth, Plaintiff,

v.

John J. Madden, Jr., and Larry G. Massanari, Acting Commissioner of Social Security, Defendants.

Nos. CV 01–415–BR, CV 01–451–BR.

United States District Court, D. Oregon.

Aug. 24, 2001.

---

4. The defendants' argument that Sprint cannot receive damages on its state law claims is dismissed as moot.

David B. Lowry, Portland, OR, for Plaintiff.

Michael Mosman, United States Attorney, William W. Youngman, Assistant United States Attorney, Portland, OR, Victoria B. Chhagan, Special Assistant United States Attorney, Seattle, WA, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

These consolidated cases come before the Court on Defendants' Motion to Dismiss and Request for Stay of Scheduling Order (# 7) and Plaintiffs' request for sanctions against Defendants under Fed. R.Civ.P. 11 included in their Response to Defendants' Motion to Dismiss (# 12).[1] The Court previously granted Defendants' Request for Stay of Scheduling Order.

For the following reasons, the Court **DENIES** both Defendants' Motion to Dismiss and Plaintiff's request for sanctions.

### *PLAINTIFFS' COMPLAINTS*

Plaintiffs each filed separate but essentially identical Complaints. Each Plaintiff alleges she applied for Social Security Disability benefits, and each claim was denied at the initial and reconsideration levels. Each Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). Each Plaintiff alleges Defendant John J. Madden, the ALJ who presided

over their cases, commenced a hearing in early 2001, "made various improper demands upon counsel, and postponed the hearing indefinitely pending compliance with the demands."

Plaintiffs seek mandamus relief "directing defendant Madden to promptly hear and decide" Plaintiffs' disability claims. In the alternative, Plaintiffs seek a declaration "that by refusing to hear and decide the plaintiffs claim administratively the defendants have waived their right to further Administrative action, and granting plaintiffs claim on the record."

### *ANALYSIS*

Defendants move to dismiss Plaintiffs' Complaints based on mootness, failure to state a claim, and lack of standing. Defendants also move to dismiss Plaintiffs' claims against Judge Madden on the ground of judicial immunity.

### I.   Standard under Fed.R.Civ.P. 12(b)(6)

On a motion to dismiss under Fed. R.Civ.P. 12(b)(6), all allegations in the complaint are considered true and are construed in the plaintiff's favor. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied*, 528 U.S. 1005, 120 S.Ct. 499, 145 L.Ed.2d 386 (1999). A court should not dismiss a complaint, thus depriving the plaintiff an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir.2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

---

1. Plaintiffs filed their Response as "Plaintiff's Reply to Defendant's Motion to Dismiss." Because it is in fact a Response rather than a Reply, the Court will refer to it as such throughout this Opinion. *See* LR 7.1(f).

## II. Plaintiffs' Claims Are Not Moot.

██ "The doctrine of mootness precludes federal court decision of 'questions that cannot affect the rights of litigants in the case before them.'" *Di Giorgio v. Lee,* 134 F.3d 971, 974 (9th Cir.1998) (quoting *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971)). If an action "loses its character as a present live controversy during the course of litigation, federal courts are required to dismiss the action as moot." *Di Giorgio,* 134 F.3d at 974 (citing *Allard v. DeLorean,* 884 F.2d 464, 466 (9th Cir.1989)) (internal quotations omitted).

██ Plaintiffs allege in their Complaints that Judge Madden has "refused to hear and decide" their disability claims. Although Defendants contend Plaintiffs' claims are moot because Judge Madden did not refuse to continue the administrative hearings or to render decisions in Plaintiffs' cases and has, in fact, conducted prehearing conferences, Defendants have not presented any evidence supporting their contention. The Court, therefore, must accept Plaintiffs' allegations as true for the purposes of Defendants' Motion. Based on the current record, the Court cannot conclude Plaintiffs' claims are moot.

## III. Plaintiffs' Complaints Adequately State Claims for Mandamus Relief

Defendants contend Plaintiffs fail to adequately state claims for mandamus relief and, therefore, the Court lacks jurisdiction.

The Mandamus and Venue Act, 28 U.S.C. § 1361, provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The Ninth Circuit repeatedly has held that mandamus is an extraordinary remedy that may be granted only when:

(1) the plaintiff's claim is clear and certain; (2) the duty is 'ministerial and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available. The extraordinary remedy of mandamus lies within the discretion of the trial court, even if the three elements are satisfied.

*Oregon Natural Resources Council v. Harrell,* 52 F.3d 1499, 1508 (9th Cir.1995) (citations and internal quotations omitted). *See also Stang v. Internal Revenue Serv.,* 788 F.2d 564, 565 (9th Cir.1986). Plaintiffs must allege facts to support each of these elements to avoid dismissal of their claims.

██ The language in each Plaintiffs's Complaint adequately alleges facts to support the required elements of a mandamus claim. Plaintiffs have a clear right to the hearings they seek. *See* 42 U.S.C. § 405(b). Defendants have a mandatory duty to provide hearings within a reasonable time and without unreasonable delay of administrative action. *See White v. Mathews,* 559 F.2d 852, 858 (2d Cir.1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978).

> Section 205(b) of the Social Security Act, 42 U.S.C. § 405(g), instructs the Secretary to make 'decisions as to the rights of any individual applying for a payment' of benefits. Thereafter, upon request of a claimant, the Secretary is directed to provide him with 'reasonable notice and an opportunity for a hearing' with respect to the decision complained of. We read this as giving the claimant a right to a hearing within a reasonable time.... Although what is reasonable depends upon a variety of circumstances, that statutory command should not be ignored.

*Id.* (footnote omitted). If an ALJ refused to conduct hearings, such conduct would violate the ALJ's mandatory duty to promptly hear claims.

Defendants maintain Judge Madden has not refused to conduct hearings in these cases and is, in fact, in the process of developing the records. Defendants, however, present no evidence to support their contention nor do they submit any admissible evidence to controvert Plaintiffs' allegations that Judge Madden has "failed, neglected, and refused to hear and decide" Plaintiffs' cases. Accepting Plaintiffs' allegations as true, the Court finds Plaintiffs have adequately alleged clear and certain claims and have adequately alleged the ALJ's violation of a nondiscretionary duty.

Defendants also argue Plaintiffs have not alleged facts to show they lack adequate remedies, and, therefore, have not satisfied the third prong of the mandamus test. The core of Plaintiffs' claims, however, is that Judge Madden continues to deny them the hearings to which they are entitled. Defendants offer a detailed recitation of the Social Security claims process, but they do not refute Plaintiffs' allegations that they have been effectively denied access to that process.

Based on the foregoing, the Court concludes Plaintiffs have adequately stated claims for mandamus relief; thus, the Court does not lack subject matter jurisdiction. Accordingly, Defendants' Motion to Dismiss for failure to state a claim is denied.

## IV. Plaintiffs Have Standing to Seek Declaratory Relief

Defendants assert Plaintiffs lack standing to bring their claims for declaratory relief. The determination whether Plaintiffs have standing involves prudential limitations as well as constitutional standing requirements.

### A. Constitutional Standing Requirements

The "irreducible constitutional minimum" of standing contains three elements: (1) plaintiff must have suffered an "injury in fact"; (2) the injury must be "fairly traceable" to the challenged conduct of the defendant, and not the result of the independent action of some third party; and (3) it must be likely, as opposed to merely speculative, that the injury will be "redressed" by a favorable decision.

*Medina v. Clinton,* 86 F.3d 155, 157 (9th Cir.1996) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

■ Defendants' standing argument is based on their unsubstantiated contention that Judge Madden has not refused to conduct hearings or to render decisions. Defendants assert Plaintiffs have sustained no "injury in fact" because Judge Madden eventually will render decisions on their claims. Defendants, however, ignore the standard of review for a motion brought under Rule 12(b)(6). If the Court accepts Plaintiffs' allegations as true, as it must for purposes of Defendants' Motion, Plaintiffs have standing to bring an action seeking a declaration from the Court that their rights have been denied. Plaintiffs have alleged an injury in fact that is fairly traceable to Defendants' conduct and that can be redressed.

### B. Prudential Standing Requirements

Plaintiffs also have satisfied the prudential standing requirements.

The prudential limitations require the plaintiff to (1) assert his own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question. Failure to satisfy any of these constitu-

tional or prudential requirements defeats standing.

*Hong Kong Supermarket v. Kizer,* 830 F.2d 1078, 1081 (9th Cir.1987) (citations omitted).

Defendants maintain Plaintiffs also have failed to satisfy the prudential standing requirements. Again, however, Defendants rely solely on their unsupported assertion that Judge Madden has not refused to conduct hearings on Plaintiffs' claims. Defendants have failed to produce undisputed evidence to support their assertion.

■ Plaintiffs are asserting their own rights, and they allege specific injuries and not generalized grievances. They seek hearings and decisions on their disability claims and thus allege an interest "within the zone of interests regulated by the statute." *Id.* Accordingly, the Court finds Plaintiffs have standing to bring their actions against Defendants.

## V. Judge Madden Does Not Have Judicial Immunity From Plaintiffs' Claims

■ Defendants assert Judge Madden has judicial immunity from Plaintiffs' action. Defendants rely on cases that apply the well-settled rule that judges are immune from civil liability for judicial actions taken within the jurisdiction of their courts. *See Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Plaintiffs, however, are not seeking damages against Judge Madden due to his alleged failure to conduct hearings. Instead they are invoking the mandamus jurisdiction of this Court to obtain an order directing Judge Madden to comply with his statutory duty. Judge Madden is not immune from an action brought under the Mandamus and Venue Act, which allows an action to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. *See Pul-*

*liam v. Allen,* 466 U.S. 522, 538, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

■ Judge Madden also is not immune from an action for declaratory relief. The Supreme Court has held judicial immunity does not bar declaratory or injunctive relief in actions brought under 42 U.S.C. § 1983. Defendants rely primarily on *Mullis v. United States Bankr.Court for the Dist. of Nev.,* 828 F.2d 1385 (9th Cir. 1987), *appeal dismissed and cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988) to support their contention that judicial immunity extends to Plaintiffs' actions for declaratory relief. In *Mullis,* Plaintiff alleged constitutional tort claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and sought declaratory and injunctive relief against bankruptcy judges, bankruptcy court clerks, and a bankruptcy trustee. The Ninth Circuit found the *Pulliam* exception to judicial immunity inapplicable to a *Bivens* action for declaratory and injunctive relief. The Court reasoned the *Pulliam* exception is unnecessary in an action alleging a federal court officer violated the constitutional rights of a litigant.

> Should a federal judge or other federal official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs in Title 28 of the United States Code. Through these procedures, a litigant, such as Mullis, receives full federal court review of allegations of deprivations of federal constitutional rights by federal judicial officials acting under color of federal law.

*Mullis,* 828 F.2d at 1394.

Plaintiffs do not allege Judge Madden violated their constitutional rights, but

only that he violated his own statutory duty to conduct hearings in their cases.[2] They seek a declaration that "by refusing to hear and decide the plaintiffs claim administratively the defendants have waived their right to further Administrative action, and granting plaintiffs claim on the record." Defendants do not address the merits of Plaintiffs' claims for declaratory relief, but challenge them only on the basis of judicial immunity. Accordingly, Defendants' Motion is denied.

## VI. Plaintiffs Are Not Entitled to an Award of Sanctions

In their response to Defendants' Motion to Dismiss, Plaintiffs ask the Court to sanction Defendants under Fed.R.Civ.P. 11, contending Defendants violated Rule 11 by relying on proposed regulations that were never adopted.

A motion for sanctions under Rule 11 must be served on the opposing party, "but shall not be filed or presented to the court unless, within 21 days after service of the motion ..., the challenged paper ... is not withdrawn or appropriately corrected." Fed.R.Civ.P. 11(c)(1).

> The motion for sanctions is not ... to be filed until at least 21 days ... after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless,

after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation .... [U]nder the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed.R.Civ.P. 11 advisory committee's notes.

██ Plaintiffs have presented no evidence that they complied with Fed. R.Civ.P. 11(c)(1) by serving this Motion on Defendants at least 21 days before filing it with the Court. Plaintiffs' Motion, therefore, is denied with leave to renew upon a showing the motion is procedurally proper.

### CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (# 7) is **DENIED**. Plaintiffs' request for sanctions against Defendants under Fed.R.Civ.P. 11 also is **DENIED**.

IT IS SO ORDERED.

---

**2.** Plaintiffs also argue Judge Madden improperly ordered them to produce documents subject to the attorney-client privilege. In their Response to Defendants' Motion to Dismiss, Plaintiffs focus almost exclusively on these allegedly improper discovery demands. Plaintiffs' arguments in this regard are largely irrelevant to Defendants' Motion. Plaintiffs do not seek any relief in their Complaints concerning these allegedly improper discovery requests.