MEMORANDUM **
William S. Ellis, Jr., the sole equity security holder of Chapter 11 Debtor Upland Partners, appeals pro se the district court’s judgments dismissing as moot his appeal from the bankruptcy court’s order approving the sale of the bankruptcy estate’s real property to KRS Development, Inc., and his appeal from the bankruptcy court’s preliminary injunction prohibiting Ellis from selling this property in a nonjudicial foreclosure auction. We have jurisdiction under 28 U.S.C. § 1291. We review mootness de novo. In re Arnold & Baker Farms (Arnold & Baker Farms v. United States), 85 F.3d 1415, 1419 (9th Cir.1996). We affirm the district court’s dismissals.
*155 In Appeal No. 02-17433, the district court properly concluded that Ellis’s appeal of the bankruptcy court’s order approving the sale of the real property was moot, because the sale and associated transactions had been completed, and Ellis had not obtained a stay pending appeal. See In re Onouli-Kona Land Co. (Onouli-Kona Land Co. v. Richards), 846 F.2d 1170, 1171 (9th Cir.1988); 11 U.S.C. § 363(m). Contrary to Ellis’s contention, the bankruptcy court was not required to make an explicit good faith purchaser finding. See Onouli-Kona, 846 F.2d at 1174 n. 1. Ellis alleged only that the property was undervalued, and the record reveals that the bankruptcy court considered the value of the property and the purchase price, and found that the “price and terms ... are fair, reasonable, in the best interests of the estate, and the best that can be achieved under the circumstances.”
In Appeal No. 03-15242, the district court properly concluded that Ellis’s appeal of the preliminary injunction was moot, because the real property had been sold, associated transactions had been completed, and no exception to the mootness doctrine applied. See id. at 1173-75 (explaining exceptions); In re Di Giorgio (Di Giorgio v. Lee), 134 F.3d 971, 974 (9th Cir.1998) (doctrine of mootness precludes federal courts from deciding questions that cannot affect the rights of the litigants).
Ellis’s remaining contentions are also without merit.
The Trustee’s request for damages pursuant to Fed. R.App. P. 38 and 28 U.S.C. § 1912 is denied.
All pending motions are denied.
Appeal No. 02-17433 AFFIRMED.
Appeal No. 03-15242 AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.