MEMORANDUM **
Amaeshi Nwozuzu appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging that officials at High Desert State Prison (“HDSP”) harassed and retaliated against him in violation of the First, Eighth, and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of mootness. Di Giorgio v. Lee (In re Di Giorgio), 134 F.3d 971, 974 (9th Cir.1998). We affirm in part, vacate in part, and remand.
The district court properly granted summary judgment on Nwozuzu’s claims for injunctive relief against officials at HDSP because these claims were rendered moot when he was transferred to another prison. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir.2001) (explaining that “when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility”). The district court properly concluded that Nwozuzu’s case was not capable of repetition yet evading review because he failed to demonstrate a reasonable expectation of being transferred back to HDSP. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam).
However, the district court should have construed Nwozuzu’s summary judgment opposition, and his August 21, 2007 motion for injunctive relief, as a motion for leave to file an amended complaint adding a claim for damages. See Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003) (“Courts have a duty to construe pro se pleadings liberally, including pro se motions[.]”). We remand to allow the district court to determine whether leave to amend should be granted under Rule 15(a)(2) of the Federal Rules of Civil Procedure.
Nwozuzu’s remaining contentions are unpersuasive.
Each party shall bear its own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED,

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.