**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEL MONTE INTERNATIONAL GMBH, | No.   14-55908 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-05912-RSWL-MAN |
| v. | |
| DEL MONTE FOODS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted July 8, 2016
Pasadena, California

Before: CLIFTON, and FRIEDLAND, Circuit Judges, and CHEN,** District
Judge.

Plaintiff-Appellant Del Monte International ("DMI") appeals the district

court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim of DMI's lawsuit against Del Monte Foods ("Del Monte"). We hold

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

that the case is moot, and we therefore vacate the district court's decision and remand with instructions to dismiss the complaint without prejudice.

This lawsuit arose following a dispute between DMI and Del Monte over DMI's application for the Top Level Domain name ("TLD") <.delmonte>. As alleged in the Complaint, after DMI filed its application for the TLD with the Internet Corporation for Assigned Names and Numbers ("ICANN"), Del Monte filed a Legal Rights Objection ("LRO") asserting that the applied-for TLD would impinge upon its trademark rights. A panel from the World Intellectual Property Organization ("WIPO") held that Del Monte's objection should be sustained. ICANN, the entity responsible for administering the TLD program, accepted WIPO's determination and denied DMI the TLD <.delmonte>. DMI then filed suit in district court against Del Monte requesting injunctive relief in the form of an order compelling Del Monte to withdraw its LRO, and declaratory relief in the form of a declaration that DMI has *bona fide* rights in the DEL MONTE trademark, that it is not in violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), and that registration of <.delmonte> will not create an impermissible likelihood of confusion.

This case is moot—and was moot at the time it was before the district

2

court—because ICANN had already made a final determination in the action and denied DMI the TLD <.delmonte>. *See Seven Words LLC v. Network Sols.*, 260 F.3d 1089, 1095 (9th Cir. 2001) ("'Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot,' and it must be dismissed." (quoting *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978)). There does not appear to be any mechanism for reopening a final ICANN decision.[1]

Nor does this case fall into the "established exception to mootness for disputes capable of repetition, yet evading review." *Fed. Election Comm'n v. Wis. Right To Life, Inc.*, 551 U.S. 449, 462 (2007). That exception applies when, "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same

---

[1] ICANN allows for an appeal of its decisions, but such a request for reconsideration must be filed within fifteen days. *Bylaws for Internet Corporation for Assigned Names and Numbers*, ICANN, Art. IV, Sec. 2 ¶ 5 (amended February 11, 2016), https://www.icann.org/resources/pages/bylaws-2012-02-25-en#IV. There is no indication that this requirement was any different at the time ICANN denied DMI the TLD. The obvious implication of this requirement is that if no request for reconsideration is filed within fifteen days, the ICANN decision becomes final. DMI did not file such a request. DMI asserts that there is "no bar to ICANN reconsidering and/or reversing its 'acceptance' of the WIPO panel's finding," but DMI provides no supporting citation, and we have found no support for this proposition.

complaining party will be subject to the same action again." *Id.* (quoting *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)). The second requirement is not met in this case. Although ICANN has stated an intention to open a second TLD application process, ICANN, *gTLD Applicant Guidebook* at 1-20 (2012), and DMI has stated its intention to reapply for the TLD <.delmonte> if ICANN does so, these expectations, even if they come to fruition, do not mean that DMI will again be subject to a WIPO proceeding in the same posture as it was in the proceeding disputed here. For instance, if Del Monte applies for the TLD <.delmonte>, as appears somewhat likely given its investment in fighting DMI's application, this would change the posture of the proceeding considerably. There is therefore no "reasonable expectation that the same complaining party will be subject to the same action again." *Wis. Right To Life, Inc.*, 551 U.S. at 462 (quoting *Spencer*, 523 U.S. at 17).[2]

Because the case is moot, the federal courts lack Article III jurisdiction to

---

[2] For similar reasons, to the extent that the relief DMI seeks concerns a future event, this case is not ripe for adjudication. *See Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015) (explaining that a claim is ripe and fit for decision "when it can be decided without considering contingent future events that may or may not occur as anticipated, or indeed may not occur at all." (quoting *Addington v. U.S. Airline Pilots Ass'n,* 606 F.3d 1174, 1179 (9th Cir. 2010)).

hear the case. *See Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (holding that when a case becomes moot, there is no case or controversy remaining, and thus no Article III jurisdiction). However, we may exercise appellate jurisdiction "for the purpose of correcting the error of the lower court in entertaining the suit" despite a lack of jurisdiction. *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998) (quoting *United States v. Corrick,* 298 U.S. 435, 440 (1936)). We do so by vacating the judgment below and remanding with instructions to dismiss the action. *See In re Di Giorgio*, 134 F.3d at 975 (vacating the district court's judgment and remanding with instructions to dismiss after holding that the case was moot before the district court). Such dismissal is without prejudice to refiling. *See Segal v. Am. Tel. & Tel. Co*., 606 F.2d 842, 844 (9th Cir. 1979) (per curiam) ("Although a judgment of dismissal for lack of jurisdiction is valid and final, the judgment does not bar another action by the plaintiff on the same claim.").[3]

For the foregoing reasons we VACATE and REMAND with instructions to dismiss the complaint without prejudice.

---

[3] Because we remand with instructions to dismiss the complaint without prejudice, we need not consider DMI's argument that the district court erred by denying it leave to amend.