**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN JAY STANWYCK,<br><br>　　　　　　　Petitioner - Appellant,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　　　Respondent - Appellee. | No. 12-73136<br><br>Tax Ct. No. 533-07<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted July 26, 2016 [**]

Before:　　SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

　　Steven Jay Stanwyck, a former attorney, appeals pro se from the Tax Court's order denying innocent spouse relief, and sustaining the Commissioner of Internal Revenue's collection action for the years 1991, 1997, and 1998. We dismiss the appeal as moot.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the Internal Revenue Service has written off the unpaid balances of Stanwyck's 1991, 1997, and 1998 tax liabilities, and has released the related federal tax lien, we dismiss the appeal as moot. *See DiGiorgio v. Lee* (*In re Di Giorgio*), 134 F.3d 971, 974 (9th Cir. 1998) ("To qualify for adjudication in federal court, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (citations and internal quotation marks omitted)); *cf. Greene-Thapedi v. Comm'r*, 126 T.C. 1, 8 (2006) ("Inasmuch as the proposed levy is moot, petitioner has no independent basis to challenge the existence or amount of her underlying tax liability in this proceeding.").

We take judicial notice of the documents attached to the Commissioner's motion to dismiss the appeal as moot, filed on March 18, 2014. Stanwyck's motion to take judicial notice, filed on November 20, 2013, is denied as moot.

**DISMISSED.**