**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SABIN BARENDT, | No. 15-16809 |
| Plaintiff-Appellant, | D.C. No. 3:08-cv-00161-LRH-WGC |
| v. | |
| JIM GIBBONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Sabin Barendt, a Nevada state prisoner, appeals pro se from the district

court's orders denying Barendt's motions for reconsideration in his action alleging

a violation of the Religious Land Use and Institutionalized Persons Act of 2000.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion, *Sch. Dist. No. 1J Multnomah Cty., Or. v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion in denying Barendt's motions for reconsideration because Barendt failed to demonstrate any basis for relief. *See id.* at 1263 (setting forth grounds for reconsideration). Contrary to Barendt's contention, the Supreme Court's decision in *Holt v. Hobbs*, 135 S. Ct. 853, 862-63 (2015), does not provide grounds for relief. To the extent that Barendt sought injunctive relief related to the policies at Lovelock Correctional Center, those claims are moot because he is no longer incarcerated at that facility. *See DiGiorgio v. Lee* (*In re Di Giorgio*), 134 F.3d 971, 974 (9th Cir. 1998) ("To qualify for adjudication in federal court, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (internal quotation marks omitted)).

**AFFIRMED.**