NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDYN WILLIAM GAYLER, | No. 18-15706 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00769-APG-CWH |
| v. | |
| HIGH DESERT STATE PRISON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Brandyn William Gayler appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that officials at High Desert State

Prison ("HDSP") violated his equal protection rights by not providing him with the

same educational, vocational, and employment opportunities as similarly situated

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

prisoners at other Nevada state prisons. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of mootness. *Di Giorgio v. Lee (In re Di Giorgio)*, 134 F.3d 971, 974 (9th Cir. 1998). We affirm.

The district court properly granted summary judgment on Gayler's official capacity claims for injunctive and declaratory relief because these claims were rendered moot when Gayler was transferred to another prison. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (explaining that "when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility").

The district court properly granted summary judgment on Gayler's individual capacity claims because Gayler failed to raise a genuine dispute of material fact as to whether any of the defendants personally participated in the alleged deprivations. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-15706