NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEREMY VAUGHN PINSON,

Plaintiff-Appellant,

v.

ESTRADA, named as Nurse Estrada; et al.,

Defendants-Appellees.

No. 21-15531

D.C. No. 4:18-cv-00535-RM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Federal prisoner Jeremy Vaughn Pinson appeals pro se from the district

court's judgment dismissing her action brought under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the

Federal Tort Claims Act.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of mootness. *Di Giorgio v. Lee (In re Di Giorgio)*, 134 F.3d 971, 974 (9th Cir. 1998). We vacate and remand.

The district court dismissed Pinson's claim against defendant Bureau of Prisons ("BOP") on the ground that this claim was rendered moot when Pinson was transferred from USP Tucson to a different federal prison. However, Pinson alleged that BOP had wrongfully removed certain medications from the BOP formulary. To the extent BOP's challenged action is a system-wide policy, Pinson's transfer to a new federal prison did not render Pinson's claim against BOP moot. *See Johnson v. Baker*, 23 F.4th 1209, 1214 n.2 (9th Cir. 2022) ("While the transfer of an inmate to a new prison will usually moot a challenge to conditions at a 'particular facility,' that is not true when the inmate attacks a 'system wide' policy." (citations and internal quotation marks omitted)). We therefore vacate the district court's judgment dismissing this action as moot, and remand for the district court to consider in the first instance whether Pinson has raised a challenge to a system-wide policy of BOP. On remand, the district court should also consider Pinson's return to USP Tucson in addressing BOP's motion to dismiss this action as moot.

In light of our disposition, we do not consider Pinson's remaining contentions on appeal.

The parties will bear their own costs on appeal.

**VACATED and REMANDED.**