**In the Matter of GRANT FOOD PRODUCTS, INC., Debtor.**

**BLUE DIAMOND MEAT COMPANY, Plaintiff,**

v.

**GRANT FOOD PRODUCTS, INC., Defendant.**

**Bankruptcy No. 87–295.
Adv. No. 87–37.**

United States Bankruptcy Court, D. Delaware.

June 10, 1988.

Robert D. Goldberg, Wilmington, Del., for plaintiff.

Henry A. Heiman, Wilmington, Del., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Grant Food Products, Inc., a Chapter 11 debtor, filed its petition on July 23, 1987. At that time it was in possession of premises at 340 South Market Street, Wilmington, under a lease dated December 10, 1985, as amended in January 1987. Grant made no rental payments after June 1, 1987, did not keep in force insurance required under the lease as amended and permitted utilities to be turned off so that the burglar alarm and refrigeration systems could not be used (Lease, ¶ 3(b)).

Under the lease, Grant had an option to purchase at any time during the term of the lease. On August 3, counsel for Blue Diamond Meat Company wrote Grant that it was in default and it was Blue Diamond's intention to repossess the premises under ¶ 9 of the lease:

9. *Provision for Re–Entry.* If the lessee or his representatives or assigns shall neglect or fail to perform and observe any covenant which on the lessee's part is to be prformed [sic], or if his leasehold estate shall be taken on execution, or if the lessee shall be declared bankrupt or insolvent according to law, or shall make an assignment for the benefit of his creditors, then the lessor, may, immediately or at any time thereafter, without notice or demand, enter into and upon the premises or any part thereof, and repossess the same as of their former estate, and expell [sic] the lessee and those claiming under him and remove their effects, forcibly, if necessary, without being taken or deemed to be guilty of any manner of trespass, and thereupon this lease shall terminate, but without prejudice to any remedies which might otherwise be used by the lessor for arrears of rent or any breach of the lessee's covenants.

On September 5, counsel for Grant in a letter directed to Somar Associates, Blue Diamond's assignor, stated that Grant was exercising its option to purchase. On October 5, Blue Diamond's counsel advised Grant that it viewed the purported exercise of its option invalid, that any rights Grant had under the lease were terminated by its letter of August 3 and that, in any event, Grant should consider the present letter as an official termination of the lease. Between this exchange of letters, Blue Diamond on September 14 filed a complaint asking that Grant be directed to vacate and surrender possession of the premises. Grant's response was that it had exercised the option.

On the trial date, the parties reached a partial agreement, memorialized in a stipulation filed November 6, that Grant would surrender possession to Blue Diamond and each would make a good faith effort to sell the property.

**8**

The issue remaining is Grant's contention that it had a viable purchase option which it exercised; consequently, it is entitled to any excess of funds received from the sale of the property over and above the terms of ¶ 13 of the lease:

13. *Lessee's Option to Purchase.* The lessee shall have, and the lessor hereby grants to the lessee, the exclusive right at his option, at any time during the term of the lease, to purchase the premises for the sum of Three Hundred Twenty Five Thousand Dollars ($325,000). Lessor and Lessee shall execute the appropriate sales contract in the event of the lessee exercising said option to buy. If the lessee fails to exercise his option to purchase by Janury [sic] 5, 1986, the purchase price shall be increased by four percent (4%); if lessee fails to exercise his option to purcahse [sic] by January 5, 1987, the purchase price shall be increased by an additional four percent (4%).

Although Grant had defaulted in rental payments and other obligations under the lease, Blue Diamond had not taken action under Delaware law to terminate the lease before the bankruptcy filing. Thereafter, it could not avail itself of remedies available to landlords under 25 *Del. C.* § 5502 or § 6301, *et seq.*, absent obtaining relief from the automatic stay provisions of § 362(a) of title 11, United States Code. Having failed to do so, the August 3 letter, even if it could be construed a termination as Blue Diamond asserts, and the letter of October 5 are nullities.

Grant's purported exercise of the option is also of no effect. A debtor-in-possession may assume an unexpired lease only by compliance with the provisions of 11 U.S.C. § 365. Grant had ceased operations. It did not, and apparently could not, perform all its obligations under the lease pending a determination to assume or reject as required under subsection (d)(3); nor did it have the means to satisfy the cure and adequate assurance provisions of subsection (b)(1). Furthermore, Grant did not want to assume the lease. It wanted only to exercise the purchase option for the purpose of making a profit on resale. Thus, even if Grant had moved for permission to exercise the option, § 365 does not permit the picking and choosing of parts of a lease. It is all or nothing. The result of Grant taking no action under § 365 is the deemed rejection of the unexpired lease 60 days following the bankruptcy filing and the obligation to immediately surrender the property. 11 U.S.C. § 365(d)(4).

Although Blue Diamond's attempt to terminate the lease was ineffective, Grant's failure to proceed under § 365 obviates the necessity of discussing whether a debtor/lessee in material default should be entitled to the benefits under a lease. Despite the delayed surrender of the premises, rejection of the lease by operation of law equates to its termination on September 21, 1987. *In re Bernard*, 69 B.R. 13 (Bankr.D. Hawaii 1986).

An order in accordance with this Memorandum Opinion is attached.

### ORDER

AND NOW, June 10, 1988, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED, ADJUDGED AND DECREED that any right or interest debtor/defendant, Grant Food Products, Inc., had under lease dated December 10, 1985, as amended, for premises at 340 South Market Street, Wilmington, Delaware, expired with its termination on September 21, 1987.