[No. B128410. Second Dist., Div. One. July 29, 1999.]

BEN LEE et al., Plaintiffs and Appellants, v.
LEE BACA, as Sheriff, etc., Defendant and Respondent.

COUNSEL

California Apartment Law Information Foundation, Trevor A. Grimm and Craig Mordoh for Plaintiffs and Appellants.

Nelson & Fulton, Henry Patrick Nelson and Amber A. Logan for Defendant and Respondent.

OPINION

VOGEL (Miriam A.), J.—A residential tenant defaults. The landlord obtains an unlawful detainer judgment and a writ of possession of real property. Before the sheriff executes the writ, the tenant files a bankruptcy

petition. The question in this case is whether the landlord is required to apply to the bankruptcy court for relief from the automatic stay (11 U.S.C. § 362(a)) or whether the pre-bankruptcy judgment has extinguished whatever legal or equitable interest the debtor might have had in the real property—in which event the landlord is not required to seek relief from the bankruptcy court and is, instead, entitled to demand that the sheriff execute the writ of possession forthwith. We hold that the unlawful detainer judgment extinguishes the residential tenant's interest in the property and that a postjudgment bankruptcy filing does not affect the landlord's right to regain possession of his property—because it is not, at that point, property of the tenant/debtor's estate.

## FACTS

When Carlos Navarro and Alma Rodriguez failed to pay the rent due for the apartment they had rented from Ben Lee, Lee served the required notice to pay rent or quit, waited the required time to no avail, then filed an unlawful detainer action. The tenants defaulted, and a judgment was entered against them on June 25, 1998, declaring (among other things) that, as of that date, Lee had the right to recover possession of the premises. A writ of possession of real property was issued on July 8, which Lee delivered to the Sheriff of Los Angeles County along with the required fee. Enforcement (eviction) was scheduled for July 22. On July 17, the tenants filed a voluntary petition in bankruptcy and notified the Sheriff of the bankruptcy filing. The Sheriff, in turn, notified Lee of the tenants' bankruptcy and advised Lee that he would not enforce the writ of possession until Lee obtained relief from the automatic stay. (11 U.S.C. § 362(a).) On August 10, the tenants abandoned the apartment.

In September, Lee (joined by several apartment owners' associations) filed a petition for a writ of mandate and a complaint for declaratory and injunctive relief and damages against the Sheriff. Lee asked for a declaration (and an injunction) to the effect that the Sheriff was required by law to enforce all validly issued writs of possession notwithstanding a tenant's postjudgment bankruptcy petition. Lee also sought damages for the rent he had lost by reason of the Sheriff's refusal to enforce the writ on July 22 (that is, the rent for the apartment for the 19 days beginning on July 23 and ending August 10, the date the tenants moved out), and attorneys' fees. The Sheriff demurred, successfully, and Lee now appeals from the order of dismissal thereafter entered.

### DISCUSSION

■ Lee contends his rights are determined by section 715.050 of the Code of Civil Procedure.[1] We agree.

Section 715.050 provides: "Except with respect to enforcement of a judgment for money, *a writ of possession issued pursuant to a judgment for possession in an unlawful detainer action shall be enforced pursuant to this chapter without delay, notwithstanding receipt of notice of the filing by the defendant of a bankruptcy proceeding.* [¶] This section does not apply to a writ of possession issued for possession of a mobilehome or manufactured home [as those terms are defined in other statutes]." (Italics added.) Since Lee's unlawful detainer judgment and his writ of possession were obtained before the tenants initiated their bankruptcy proceedings, section 715.050 compelled the Sheriff to proceed with the eviction as scheduled.

Not so, says the Sheriff, claiming that federal law is in conflict with and therefore preempts section 715.050. He points to 11 United States Code section 362(a), which provides that a bankruptcy petition "operates as a stay, applicable to all entities of— [¶] (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the bankruptcy statutes], or to recover a claim against the debtor that arose before the commencement of the case under [the bankruptcy statutes]; [¶] (2) the enforcement, against the debtor or against *property of the estate*, of a judgment obtained before the commencement of the case under [the bankruptcy statutes]; [¶] (3) any act to obtain possession of *property of the estate* or of property from the estate or to exercise control over *property of the estate . . . ."* (Italics added.)

The Sheriff's conflict is imagined, not real. 11 United States Code section 541(a)(1) defines "property of the estate" as used in 11 United States Code section 362(a) to include "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." Under California law (which governs the bankruptcy court's determination of this issue), a tenant has no legal or equitable interest in rented property once a judgment for possession has been entered in favor of the landlord. (*In re Smith* (Bankr. C.D.Cal. 1989) 105 B.R. 50, 53-54; see also *Butner* v. *United States* (1979) 440 U.S. 48 [99 S.Ct. 914, 59 L.Ed.2d 136]; *In re Farmers Markets, Inc.* (9th Cir. 1986) 792 F.2d 1400; *In re Windmill Farms, Inc.* (9th Cir. 1988) 841 F.2d 1467, 1469-1471.) It follows that, as of the June 25 entry of a judgment

---

[1]Undesignated section references are to the Code of Civil Procedure.

of possession in our case, the tenants lost whatever legal or equitable interest they might previously have had in their rented apartment and that, by the time the tenants commenced their bankruptcy case, the Sheriff's execution of the writ of possession would not have affected "property of the estate" of the debtor.

Our conclusion that section 715.050 survives a preemption attack is supported by the bankruptcy court's identical conclusion in *In re Smith, supra*, 105 B.R. 50. As Judge Vincent P. Zurzolo explained in *Smith*, "[m]ore than 39,000 Chapter 7 bankruptcy cases are filed in the Central District of California annually. A significant portion of these cases are apparently filed solely for the purpose of staying a residential landlord from dispossessing a debtor/tenant from a rented apartment or house. There is no exact count of these 'unlawful detainer' cases pending in this district, but over the past several months, eighty percent of the motions for relief from Stay filed in Chapter 7 cases that I have heard involve residential unlawful detainer actions.

"That these cases are filed solely for the purpose of staying enforcement of unlawful detainer judgments can be inferred from several facts: the commencement of the case by the filing of a 'bare bones' petition without any schedules or statement of affairs ever being filed; the listing of no, few, or false creditors, if schedules are indeed filed; the failure of the debtor to appear at the mandatory . . . meeting of creditors; and the refusal of debtors in these cases to comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or this court's Local Rules and thereby failing to obtain a discharge." (*In re Smith, supra*, 105 B.R. at p. 51, fn. omitted.)[2]

For these reasons, *Smith* concludes that 11 United States Code section 362(a)(1), (2) and (3), when read together, enjoin a landlord (or any creditor) from attempting to enforce a money judgment against a debtor or the debtor's bankruptcy estate, but they do *not* enjoin a landlord from enforcing a judgment for possession of real property obtained before the bankruptcy proceedings were initiated. A bankruptcy filed "to delay improperly the landlord from obtaining possession of his property" provides no benefit to the bankruptcy estate or to the creditors of the estate. (*In re Smith, supra*, 105 B.R. at p. 55.) "The purpose of the Stay is to give the bankruptcy estate and its fiduciary, either the trustee or the debtor-in-possession, an opportunity to gather together the assets of the estate, determine their value, and liquidate or reorganize them. This goal of the Stay is not achieved by applying it to a landlord's attempt to regain possession of residential real property wrongfully being held by a debtor/tenant." (*Ibid.*)

---

[2]In our case, there is the added fact that, having stalled their eviction for 19 days, the tenants abandoned the property.

To the contrary, one of the consequences of "holding that the Stay applies to residential unlawful detainer evictions is that the cost of doing business as a residential landlord rises with the additional expense of hiring lawyers not only to pursue an eviction in the state court but also to obtain relief from the Stay in Bankruptcy Court. This added cost necessarily increases the rent that must be paid by low-income tenants in the Los Angeles area, which is one of the most expensive urban rental markets in the country. The ever increasing rents for low-income housing, of course, only makes it harder for tenants to pay their rent and therefore leads to more abusive bankruptcy filings. Thus, this vicious cycle repeats and repeats." (*In re Smith, supra*, 105 B.R. at p. 55, fns. omitted.)

Based on the foregoing, *Smith* concludes "that the [automatic] Stay does not enjoin a landlord from regaining possession of residential premises from a wrongfully holding-over bankruptcy debtor/tenant, as long as the landlord seeks only to repossess the property and not to enforce any other portion of his unlawful detainer judgment against the debtor and the bankruptcy estate, such as collecting money damages." (*In re Smith, supra*, 105 B.R. at p. 55.)[3]

Since the Sheriff simply ignores *Smith* (it is not even cited in his respondent's brief), and since *Smith* appears on its face to be legally correct, logical and fair under the circumstances, we shall follow *Smith* and conclude, as previously noted, that a judgment of possession rendered in an

---

[3]Another bankruptcy judge disagreed with *Smith* and was affirmed by the District Court (In re *Di Giorgio* (Bankr. C.D.Cal. 1996) 200 B.R. 664) but that opinion was vacated by the Ninth Circuit without reaching the merits of our issue (*In re Di Giorgio* (9th Cir. 1998) 134 F.3d 971). Most federal and state courts that have considered the "property of the estate" issue have agreed with *Smith*'s interpretation of that phrase. (E.g., *In re Cohoes Indus. Terminal, Inc.* (Bankr. S.D.N.Y. 1986) 62 B.R. 369, 379 [slightly different context]; *In re Lady Liberty Tavern Corp.* (Bankr. S.D.N.Y. 1988) 94 B.R. 812; *In re Scarsdale Tires Inc.* (Bankr. S.D.N.Y. 1985) 47 B.R. 478, 480; *In re 163rd Street Medical Corp.* (Bankr. S.D.Fla. 1986) 67 B.R. 499, 500 [slightly different context]; *White* v. *Indiana Realty Associates II* (Ind.App. 1988) 530 N.E.2d 326, 327; *Matter of Grant Food Products, Inc.* (Bankr. Del. 1988) 87 B.R. 6; *In re Cowboys, Inc.* (Bankr. S.D.Fla. 1982) 24 B.R. 15; but see *In re Acorn Investments* (Bankr. S.D.Cal. 1981) 8 B.R. 506, 509 [contra with regard to a commercial lease].) *Acorn* (which was decided before *Smith*) concludes, without analysis, that although the tenant's right to possession of leased commercial premises terminates when the landlord obtains an unlawful detainer judgment, the automatic stay operates without regard to "[t]he existence of a legal or equitable interest of the debtor" in the property. (*In re Acorn Investments, supra,* 8 B.R. at p. 509.) In the context of a commercial lease (in *Acorn*, the debtor (tenant) was a restaurant), it is easy enough to see that a trustee might want to keep the enterprise in place in order to generate income for the benefit of all creditors, including the landlord. That analysis (which is ours, not *Acorn*'s) does nothing to enhance the facts of our case, nor does the summary manner in which *Acorn* was decided. We nevertheless limit our holding to the facts before us, reiterate our concurrence with the views expressed in *Smith*, and simply note for the record that we are not bound by either *Smith* or *Acorn*. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

unlawful detainer action extinguishes whatever legal or equitable interest the residential tenant might have had in that property. As provided by section 715.050, the automatic stay that results from a tenant's postjudgment bankruptcy filing does not affect the landlord's right to execute on his judgment of possession of real property. It follows that, under the circumstances of this case, the Sheriff must follow the mandate of section 715.050, disregard the bankruptcy, and execute the writ of possession.[4]

## DISPOSITION

The order of dismissal and the order sustaining the Sheriff's demurrer are reversed, and the cause is remanded to the trial court with directions to (1) enter a new order overruling the Sheriff's demurrers to Lee's claims for declaratory and injunctive relief; (2) reconsider the Sheriff's demurrer to Lee's cause of action for damages; (3) determine whether Lee is entitled to an award of attorneys' fees and, if so, the amount of such an award; and (4) make such other and further orders as are necessary. Lee is awarded his costs of appeal.

Ortega, Acting P. J., and Masterson, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 20, 1999.

---

[4]We summarily reject the Sheriff's contention that this issue is moot. It is clearly a continuing problem for residential landlords in this county. (*Kirstowsky* v. *Superior Court* (1956) 143 Cal.App.2d 745, 749 [300 P.2d 163]; *DiGiorgio Fruit Corp.* v. *Dept. of Employment* (1961) 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487].) We do not reach the remaining issues because the manner in which this case was resolved below leaves us without an appropriate record to do so. We leave it to the trial court on remand to determine the appropriate language for the declaration and injunction that Lee is entitled to have, to determine whether Lee is entitled to the damages claimed in his complaint (we think not [Gov. Code, § 821]), and to determine whether Lee is entitled to an award of attorneys' fees (and, if so, the amount of such an award). Insofar as the Sheriff questions the standing of the apartment owners' associations that have joined with Lee in this action, we fail to see what difference it makes whether they are in or out. Lee is clearly an appropriate petitioner and plaintiff, and he remains a party to these proceedings. The associations clearly have an interest in the permanent injunction that will now be issued in this case. They are all represented by the same lawyers representing Lee. This appears to be an argument made simply for the sake of argument, and we reject it out of hand.