**In re Tiphany BUTLER, Debtor.**

**Westside Apartments, LLC, Movant,**

v.

**Tiphany Butler, Respondent.**

**No. LA 01–18851–BR.**

United States Bankruptcy Court,
C.D. California.

Jan. 9, 2002.

Tiphany Butler, Los Angeles, CA, pro se.

Peter C. Anderson, Roquemore, Pringle & Moore, Inc., Los Angeles, CA, trustee.

## *OPINION*

BARRY RUSSELL, Bankruptcy Judge.

### I. INTRODUCTION

Tiphany Butler filed a chapter 7 petition seeking, *inter alia,* protection under the automatic stay provisions of the Bankruptcy Code. Specifically, the debtor sought to stay the eviction action instituted by landlord Westside Apartments, LLC. Westside subsequently brought a motion for relief from the automatic stay under § 362,[1] relying in part upon California Code of Civil Procedure § 715.050, which permits execution of a valid writ of possession in an unlawful detainer action notwithstanding a tenant's filing of a post-judgment bank-

---

**1.** Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

ruptcy petition. By separate order, I grant Westside's motion for relief from the automatic stay. For the reasons set forth below, I hold that under California law, Butler possessed an equitable interest in the residential rental property at the time of her bankruptcy filing, which was protected by the automatic stay. I also hold that California Code of Civil Procedure § 715.050 is preempted by federal bankruptcy law, and is therefore unconstitutional.

## II. FACTS

The facts in this case are undisputed. Debtor Tiphany Butler filed her voluntary chapter 7 petition on March 27, 2001. Among the assets scheduled in Butler's petition was an interest in certain residential real property, an apartment unit, she rented from movant Westside Apartments, LLC on a month-to-month basis.

Prior to filing, Butler had been in default on the monthly rental payments since January 1, 2001. Westside served Butler with the requisite 3–Day Notice To Pay Rent Or Move Out on January 9, 2001. Butler did not pay the rent due and did not vacate the premises.

On January 22, 2001, Westside filed a complaint against Butler in state court for unlawful detainer. A trial was held and judgment was entered against Butler on March 14, 2001, whereby Westside was awarded possession of the subject property. A valid writ of possession was executed on March 19, 2001, which authorized the Los Angeles County Sheriff's Department to enforce Westside's judgment. On March 27, 2001, the same day that Butler filed her petition, the Sheriff's Department served Butler with a Notice To Vacate the premises by March 31, 2001. The Sheriff's Department also issued a Notice Of Enforcement Of Eviction which provides in pertinent part:

6. You may instruct the Sheriff to evict the tenant notwithstanding any subsequently filed bankruptcy petition.

The day after filing her petition, Butler advised the Sheriff's Department in person that she had filed bankruptcy, and that any eviction proceedings against her should be stayed. Butler was informed that she would be evicted notwithstanding her pending bankruptcy.

Butler immediately filed an emergency motion in this Court for a stay of the Sheriff Department's actions to evict Butler from her residence pending a hearing on the merits. On March 29, 2001, this Court issued an order staying the eviction proceedings pending further order of the Court. Butler then notified the Sheriff's Department by phone of the stay.

On April 10, 2001, Westside filed a motion for relief from the automatic stay under § 362, requesting that it be heard on shortened notice. The motion was heard on shortened notice on April 24, 2001. Butler filed no opposition to Westside's motion and did not appear at the hearing. The motion was granted.

## III. ISSUES

A. Whether mere possession of real property, without a legal right to possession, creates an equitable interest protected under California law, thus qualifying such interest as property of the bankruptcy estate pursuant to § 541(a)(1), which is protected by the automatic stay.

B. Whether California Code of Civil Procedure § 715.050 is preempted by federal bankruptcy law and is therefore unconstitutional.

## IV. DISCUSSION

### A. *Applicability of the Automatic Stay*

Section 362(a) provides that upon the filing of a bankruptcy petition, a stay is

automatically imposed on, *inter alia*, (1) the commencement or continuation of an action against the debtor commenced before the filing of the bankruptcy case; (2) the enforcement of a judgment against the debtor or property of the estate obtained before the commencement of the bankruptcy case; and (3) any act to obtain possession of property of the estate, to obtain property from the estate, or to exercise control over property of the estate.[2]

"Property of the estate" is defined in § 541 and includes, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case."[3]

Therefore, if the debtor had a legal or equitable interest in the residence at the time of her bankruptcy filing then § 362(a)(3) would stay the landlord's unlawful detainer proceeding.

## B. *Property Interest Under California Law*

■ The existence and scope of a debtor's interest in property is determined by applying state law. *In re Di Giorgio*, 200 B.R. 664, 670 (C.D.Cal.1996) (citing *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)).

### 1. *Legal Interest in the Property*

■ Under California law, Butler had no legal right to possess the premises at the time she filed her chapter 7 petition. "A tenant is 'guilty of unlawful detainer' when he or she continues in possession without the landlord's permission after default in the payment of rent and three days' notice has been served upon the tenant by the landlord." *Di Giorgio*, 200 B.R. at 670 (quoting CAL.CIV.PROC.CODE § 1161(2)). It is indisputable that Westside followed the required procedures, which terminated Butler's tenancy of the apartment prior to her bankruptcy filing. Thus, Westside's actions extinguished Butler's legal right to possess the property.

Nevertheless, if Butler's mere possession of the premises constituted an equitable interest, it would still be protected by § 362(a)(3).

### 2. *Equitable Interest in the Property*

■ California has long recognized possession of real property as a protected interest as evidenced by CAL.CIV.CODE § 1006, which the California legislature originally enacted in 1872:

§ 1006. Title conferred by occupancy.

Occupancy for any period confers a title sufficient against all except the state and

---

**2.** Section 362(a) provides in pertinent part:

(a) Except as provided in subsection (d) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judg-

ment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

**3.** Section 541(a)(1) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

those who have title by prescription, accession, transfer, will, or succession; but the title conferred by occupancy is not a sufficient interest in real property to enable the occupant or the occupant's privies to commence or maintain an action to quiet title, unless the occupancy has ripened into title by prescription.

■ California case law early recognized "[i]n this state, as elsewhere, the mere possession of real estate is constantly treated as property, which may be purchased and sold, and for the recovery of which an action may be maintained against one having no better title." *King v. Goetz,* 70 Cal. 236, 240, 11 P. 656 (1886). *See also Bond v. Aickley,* 168 Cal. 161, 163, 141 P. 1188 (1914) (citing the same language as Cal.Civ.Code § 1006).

Therefore, it is clear that under California law, Butler had an equitable interest in the premises, which was protected under § 362(a)(3). The United States District Court reached this same conclusion in *In re Di Giorgio,* 200 B.R. 664, 670 (C.D.Cal. 1996).

*Di Giorgio* involved facts substantially similar to those present here in that the landlord attempted to a execute a valid writ of possession resulting from an unlawful detainer action against the tenants. The tenants, while still in possession of the subject residential property, filed a post-judgment voluntary chapter 7 petition. Relying on the recently-enacted Cal.Civ. Proc.Code § 715.050 as its authority for disregarding § 362, the Sheriff's Department expressed its intent to enforce the writ of possession without first requiring the landlord to obtain relief from the automatic stay. The Di Giorgios brought an action against the landlord and the Sher-

iff's Department to enjoin enforcement of § 715.050, which the bankruptcy court granted.

The District Court affirmed the bankruptcy court's ruling and held, *inter alia,* that the Di Giorgios' equitable possessory interest in the rented residential property was property of the estate under § 541(a)(1), which was protected by the automatic stay.[4]

After discussing Cal.Civ.Code § 1006 and other relevant California case law, the District Court expressed its view, with which I agree, that subject to state law, Congress intended the bankruptcy estate to include possessory interests in residential real property:

Section 541(a) provides that, with a few express exceptions, property of the bankruptcy estate comprises "*all* legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The legislative history indicates that Congress intended the estate to include possessory interests. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868 ("debtor's interest in property includes 'title' to property which is an interest, just as are possessory interests, or leasehold interests").

The Court does not believe that Congress intended to exclude mere possession of real property, even possession without a legal basis, from the "property of the estate." Congress expressly created a number of exceptions to the broad language of § 541(a)(1), including the provision that

---

4. On appeal, the Ninth Circuit held that the bankruptcy court should have dismissed the Di Giorgios' action as moot because they had surrendered possession prior to the hearing in the bankruptcy court. *In re Di Giorgio,* 134 F.3d 971 (9th Cir.1998). Nevertheless, the well-reasoned District Court opinion is very persuasive.

[p]roperty of the estate does not include ... [¶] (2) any interest of the debtor as a lessee under a lease of *nonresidential* real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case.

11 U.S.C. § 541(b)(2) (emphasis added). This exception excludes any equitable possessory interest from the bankruptcy estate once the commercial tenant's legal right to possession has expired. The doctrine of *expressio unius est exclusio alterius* is applicable here: under "[e]stablished canons of statutory construction, ... 'exceptions are not to be implied. An exception cannot be created by construction.'" *Export Group v. Reef Inds., Inc.*, 54 F.3d 1466, 1473 (9th Cir.1995) (quoting Norman J. Singer, 2A Sutherland Stat. Const. § 47.11 (5th ed.1992)). The expressly enumerated exceptions "indicate that other exceptions should not be implied." *In re Gerwer*, 898 F.2d 730, 732 (9th Cir.1990) (rejecting a proposed implied exception to § 541(a)(1)). The fact that Congress created an exception under § 541(b)(2) applying expressly to the interest in an expired lease of nonresidential property suggests that Congress intended possessory interests in residential property to be included in property of the estate.

In fact, Congress has declined to amend bankruptcy law to exclude interests such as the Di Giorgios' from property of the bankruptcy estate. On two occasions, a bill has been introduced in the U.S. House of Representatives to amend § 541(b) to exempt from property of the bankruptcy estate "any interest of the debtor as a tenant under the rental of residential real property that has terminated before the commencement of the case." H.R. 1156, 103d Cong., 1st Sess. (1993); H.R. 2202, 102d Cong., 1st Sess. (1992). This bill also would have amended § 362(b) so that the automatic stay would not apply to "any action to evict the debtor from residential real estate occupied by the debtor as a tenant under a rental agreement." *Id.* Where Congress has declined to enact such exceptions, it is not the Court's province to do so. Therefore, the bankruptcy court correctly held that enforcement of the writ of possession violated § 362(a)(3).

*Di Giorgio*, 200 B.R. at 672–73 (footnote omitted) (emphasis in original).

Indeed, presently pending before Congress in both House Bill 333 and Senate Bill 420 are provisions dealing with residential unlawful detainer actions. The current version of House Bill 333 is almost identical to HR 2202, referenced in *Di Giorgio*, whereas Senate Bill 420 recognizes the existence of the stay but provides for the inapplicability of the stay to unlawful detainer proceedings involving residential real property if certain conditions are met.

The proposed legislation makes it abundantly clear that Congress is well aware of the problems associated with the operation of the automatic stay as it pertains to residential unlawful detainer actions. Despite the legislative proposals, Congress has yet to carve out an exception to the automatic stay for residential landlords seeking to enforce a valid writ of possession obtained in an unlawful detainer action. Perhaps Congress has not seen fit to allow a landlord to evict a residential debtor notwithstanding the filing of a post-judgment bankruptcy petition because

Congress does not wish to be seen as throwing residential debtors out on the street. It may also desire to protect the sanctity of a person's home above all other interests, at least until a creditor can successfully obtain relief from the automatic stay in the bankruptcy court.

It is not the province of this Court or any other court to engage in judicial legislation as a means to solve this social and economic dilemma. No state legislature is empowered to legislate around the automatic stay provisions of § 362(a) because of preemption by federal bankruptcy law, as discussed in section C, *infra.*

Citing *In re Smith,* 105 B.R. 50 (Bankr. C.D.Cal.1989), Westside argues that Butler had no equitable interest in the premises at the time she filed her bankruptcy petition. *Smith* is factually very similar to the matter before this Court. In *Smith,* the landlord had obtained a prepetition unlawful detainer judgment against a chapter 7 debtor. The landlord moved for relief from the automatic stay in order to remove the debtor from her residence. The debtor neither filed an opposition to the motion nor appeared at the hearing on the motion.

Rather than merely granting the motion, the *Smith* court, apparently without any urging from the landlord, held that § 362(a) did not stay a landlord from enforcing a prepetition unlawful detainer judgment to regain possession of the debtor's residence and thus, no order granting relief from the automatic stay was required:

Based upon my conclusion that the Stay does not enjoin Movant from enforcing the Judgment, no order granting relief from stay is required.

Nevertheless, in the interests of justice, and to allow Movant to enforce the Judgment with no further delay, I hereby authorize Movant, to the extent that such authority is required, to enforce the Judgment to regain possession of the Apartment from Debtor.

*Id.* at 56.[5]

*Smith* relies chiefly upon *In re Windmill Farms, Inc.,* 841 F.2d 1467 (1988), for its conclusion that the debtor did not retain a property interest once a lease has been terminated. *Windmill Farms* held that under California law, a commercial lease terminated at least by the time its lessor filed an unlawful detainer action in state court where the three-day notice to pay rent or quit was properly given. Thus, the court held that under § 365(a), there was no lease for the chapter 7 trustee to assume on behalf of the subsequently created bankruptcy estate. The inapplicability of *Windmill Farms* to the matter at hand is obvious. Not only did *Windmill Farms* not involve § 362, it did not involve residential real property.

*Windmill Farms* emphasized the significance of § 365(c)(3) which is inapplicable to residential real property:

The Bankruptcy Code permits a trustee, with court approval, to "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). However, "[t]he trustee may

---

**5.** The *Smith* opinion devotes a great deal of its discussion to the social and economic concerns surrounding the "proliferation of 'unlawful detainer' case filings." According to Smith, a large number of the chapter 7 filings in the Central District of California are filed for the sole purpose of stopping residential landlords from regaining possession of rented apartments without first obtaining relief from the automatic stay. The *Smith* court conceded that its opinion "may be viewed by some as judicial legislation," but apparently concluded that such judicial legislation was necessary because Congress knew about the concerns surrounding unlawful detainer case filings but had not addressed them. *Id.* at 55–56.

not assume or assign any executory contract or unexpired lease of the debtor ... if ... such lease is of *nonresidential* real property and has been terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. § 365(c)(3).

841 F.2d at 1469 (emphasis added). It also recognized that even if the lease terminated prepetition, the trustee might seek relief from forfeiture under California law [6]:

> Even though the lease may have been terminated before WFI filed its Chapter 7 petition in bankruptcy, the trustee may be entitled to relief from forfeiture of the lease under California law. If so, the trustee's assumption of the lease would be proper. *See City of Valdez v. Waterkist Corp. (In re Waterkist Corp.),* 775 F.2d 1089, 1091 (9th Cir.1985).

*Id.* at 1471–72. This right to seek relief from forfeiture is, at a minimum, an equitable interest in property entitled to protection under § 362(a)(3).

In concluding that the debtor had no equitable interest in the premises, the *Smith* court did not cite to any California case law, nor did it address the significance of Cal.Civ.Code § 1006.

A single California case, *Lee v. Baca,* 73 Cal.App.4th 1116, 1118, 86 Cal.Rptr.2d 913 (1999), on its surface arguably supports Westside's contention that Butler had no equitable interest in the premises at the time she filed her bankruptcy petition. However, *Baca* suffers from the same fatal defects as *Smith.*

In *Baca,* a residential landlord obtained an unlawful detainer judgment and a writ of possession. Before the Sheriff could execute the writ, the tenants filed bankruptcy and notified the Sheriff's Department of their filing. The Sheriff's Department then notified the landlord that in view of the filing, it would not enforce the writ of possession until the landlord obtained relief from the automatic stay. Several weeks later, the tenants abandoned the apartment.

Nevertheless, about a month later, the landlord, joined by several apartment owners' associations, filed a petition for a writ of mandate and a complaint for declaratory and injunctive relief against the Sheriff's Department. The landlord sought a declaration that the Sheriff's Department was required, pursuant to Cal.Civ.Proc.Code § 715.050, to enforce all validly issued writs of possession notwithstanding a tenant's post-judgment bankruptcy filing.[7]

The *Baca* court held:

---

6. Cal.Civ.Proc.Code § 1179 provides:

§ 1179. Relief against forfeiture; application; petition; notice; contest; condition of grant

The Court may relieve a tenant against a forfeiture of a lease, and restore him to his former estate, in case of hardship, where application for such relief is made within thirty days after the forfeiture is declared by the judgment of the Court, as provided in section one thousand one hundred and seventy-four. The application may be made by a tenant or subtenant, or a mortgagee of the term, or any person interested in the continuance of the term. It must be made upon petition, setting forth the facts upon which the relief is sought, and be verified

by the applicant. Notice of the application, with a copy of the petition, must be served on the plaintiff in the judgment, who may appear and contest the application. In no case shall the application be granted except on condition that full payment of rent due, or full performance of conditions or covenants stipulated, so far as the same is practicable, be made.

7. Cal.Civ.Proc.Code § 715.050 provides in relevant part:

Except with respect to enforcement of a judgment for money, a writ of possession issued pursuant to a judgment for possession in an unlawful detainer action shall be enforced pursuant to this chapter without

[T]he unlawful detainer judgment extinguishes the residential tenant's interest in the property and that a postjudgment bankruptcy filing does not affect the landlord's right to regain possession of his property—because it is not, at that point, property of the tenant/debtor's estate.

*Baca,* 73 Cal.App.4th at 1118, 86 Cal. Rptr.2d 913.[8]

In addressing the issue of whether a tenant has a legal or equitable interest in rented property after a judgment for possession, the *Baca* court relegated its discussion of the issue to a single paragraph:

The Sheriff's conflict is imagined, not real. 11 U.S.C. section 541(a)(1) defines "property of the estate" as used in 11 U.S.C. section 362(a) to include "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." Under California law (which governs the bankruptcy court's determination of this issue), a tenant has no legal or equitable interest in rented property once a judgment for possession has been entered in favor of the landlord. (*In re Smith* (Bankr. C.D.Cal.1989) 105 B.R. 50, 53–54; *see also Butner v. United States* (1979) 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136; *In re Farmers Markets, Inc.* (9th Cir. 1986) 792 F.2d 1400; *In re Windmill Farms, Inc.* (9th Cir.1988) 841 F.2d 1467, 1469–1471.) It follows that, as of the June 25 entry of a judgment of possession in our case, the tenants lost whatever legal or equitable interest they might previously have had in their rent-

ed apartment and that, by the time the tenants commenced their bankruptcy case, the Sheriff's execution of the writ of possession would not have affected "property of the estate" of the debtor. *Id.* at 1119–20, 86 Cal.Rptr.2d 913.

As can be seen from the *Baca* court's discussion, the *Baca* court did not make its own analysis of whether a tenant retained an "equitable" interest in the leased residential property under California law. Of the cases upon which it relied, only *Smith* held that a tenant did not retain an equitable interest in the leased residential property following issuance of a valid writ of possession. Although the *Baca* court cited *In re Di Giorgio,* it neither addressed its holding, contrary to *Smith,* that a tenant retained an equitable interest in the premises, nor addressed the impact of CAL.CIV. CODE § 1006.

The *Baca* court expressed its concern over the abuse of the bankruptcy system and the financial hardships on residential landlords caused by bankruptcy filings by tenants solely for the purpose of staying evictions. It cited approvingly statistics from *Smith* concerning such abuses.

Although I share the concerns voiced in *Baca* and *Smith,* it is not the province of the California legislature, nor the state or federal courts to attempt to circumvent the application of § 362. Rather, it is within the sole discretion of Congress to modify or eliminate the application of § 362 to residential unlawful detainer actions.[9]

Until then, this Court will not allow a landlord to enforce a valid writ of posses-

---

delay, notwithstanding receipt of notice of the filing by the defendant of a bankruptcy proceeding.

**8.** The *Baca* court refused to dismiss the appeal as moot. "We summarily reject the Sheriff's contention that this issue is moot. It is clearly a continuing problem for residential

landlords in this county...." *Id.* at 1122, 86 Cal.Rptr.2d 913.

**9.** The California legislature could of course, by statute, remove any equitable possessory interest of tenants such as Butler. However, up to this point, it has not done so.

sion against a tenant in possession of residential property notwithstanding the tenant's bankruptcy filing. Future creditors who seek to rely on *Smith, Baca,* or CAL. CIV.PROC.CODE § 715.050 for purposes of making an end run around obtaining relief from the automatic stay run the risk of liability for violating the automatic stay.

Based on the foregoing, I hold that Butler's possession of the premises at the time of her bankruptcy filing establishes a *prima facie* case for a finding of an equitable possessory interest in the property. It follows that such equitable interest constitutes a property interest of the bankruptcy estate pursuant to § 541(a)(1). I decline to follow *Baca* and *Smith* to the extent they fail to recognize an equitable possessory interest in real property as a property interest of the bankruptcy estate.

### C. *The Constitutionality of* CAL.CIV. PROC.CODE *§ 715.050*

■ The Supremacy Clause of the United States Constitution provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. Art. VI, cl. 2. Thus, the Supremacy Clause invalidates state law to the extent it is inconsistent or interferes with federal law.

■ Section 715.050 operates explicitly in contravention of the automatic stay provided for in § 362(a) and is therefore unconstitutional.

The state court in *Baca* based its holding that § 715.050 was not preempted by

§ 362(a) (and was therefore constitutional) upon its conclusion that under California law, the tenant had neither a legal nor an equitable property right in the premises. As discussed *supra,* I hold that Butler's possessory interest constituted an equitable interest which was protected by § 362(a)(3). Therefore, § 715.050 is inconsistent with § 362(a)(3) and is invalid. Even the *Baca* court would agree that under circumstances where § 362(a)(3) would apply, § 715.050 could not produce a contrary result.

In a very thoughtful analysis, the *Di Giorgio* court reached the same conclusion that I have reached, which is that § 715.050 is unconstitutional on its face. 200 B.R. at 670–74. I adopt the reasoning of *Di ·Giorgio* concerning the preemption of CAL.CIV.PROC.CODE § 715.050.

### D. *Sections 362(a)(1) and (2)*

The District Court in *Di Giorgio* held that in addition to the applicability of § 362(a)(3), the landlord also was stayed by operation of §§ 362(a)(1) and (2).

In view of my holding regarding the applicability of § 362(a)(3), I believe that it is unnecessary to rule on the possible applicability of §§ 362(a)(1) and (2).

### V. CONCLUSION

Under California law, a bankruptcy debtor/tenant has an equitable possessory property interest which is protected by § 362(a)(3) even after a landlord obtains an unlawful detainer judgment. Therefore, in order to obtain relief from the automatic stay, a landlord must request relief from the bankruptcy court. Furthermore, CAL.CIV.PROC.CODE § 715.050 is preempted by § 362 and is therefore unconstitutional.

In this matter, the landlord has met its burden of proof and the unopposed motion

for relief from the automatic stay is GRANTED.[10]

---

**10.** An order granting the landlord's motion previously has been entered.