In re: G. Gregory WILLIAMS, Debtor,

G. Gregory Williams, Appellant,

v.

Eli Levi; et al., Appellees.

No. 05–55541.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2006.*

Filed Oct. 12, 2006.

G. Gregory Williams, Los Angeles, CA,
pro se.

Gary Kessler, Adams Aucoin & Kessler,
LLP, Christie Gaumer, Esq., Los Angeles,
CA, for Appellees.

Before: FARRIS, BOOCHEVER, and
LEAVY, Circuit Judges.

MEMORANDUM **

G. Gregory Williams appeals pro se from
the published decision of the Bankruptcy
Appellate Panel (BAP), which affirmed the
bankruptcy court's retroactive annulment
of the automatic stay in his bankruptcy
case. *See Williams v. Levi (In re
Williams)*, 323 B.R. 691 (9th Cir. BAP
2005). We have jurisdiction under 28
U.S.C. § 158(d), and we affirm the BAP.

We review the BAP decision de novo,
and independently review the bankruptcy
court's decision. *See Carillo v. Su (In re
Su)*, 290 F.3d 1140, 1142 (9th Cir.2002).

A bankruptcy court retains jurisdiction
after dismissal in some circumstances to
" 'interpret' and 'effectuate' its orders," in-
cluding retroactive annulment of the auto-
matic stay as occurred in this case. *See
Aheong v. Mellon Mortgage Co. (In re
Aheong)*, 276 B.R. 233, 239–40 & n. 8 (9th
Cir. BAP 2002) (quoting *Tsafaroff v. Tay-
lor (In re Taylor)*, 884 F.2d 478, 481 (9th
Cir.1989)). Further, 11 U.S.C. § 362(d)

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

authorizes the court to annul "the stay provided under [§ 362(a)]." The stay in Williams' second bankruptcy case arose under § 362(a), and the statute does not limit annulment to stays arising in pending cases. We agree with the BAP that the bankruptcy court had jurisdiction to enter the order.

We also conclude that the bankruptcy court did not abuse its discretion when it annulled the stay. *See National Envtl. Waste Corp. v. City of Riverside (In re National Envtl. Waste Corp.)*, 129 F.3d 1052, 1054 (9th Cir.1997) (reviewing decision retroactively to lift automatic stay for abuse of discretion). The bankruptcy court properly balanced the equities when, although it acknowledged that the foreclosure sale may have violated the automatic stay, it considered several adverse factors and concluded that Williams had failed to commence a timely, appropriate proceeding to void the foreclosure sale. *See Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 24–25 (9th Cir. BAP 2003) (court may consider whether debtor engaged in unreasonable conduct and how quickly debtor moved to set aside sale). We conclude that it was not an abuse of discretion retroactively to annul the automatic stay.

We have considered Williams' reply brief. Williams' motion to strike appellees' brief and his request for monetary sanctions are denied.

AFFIRMED.