FILED

MAY 30 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-13-1328-KiTaD |
| SHOLEM PERL, ) | Bk. No.   13-26126-NB |
| Debtor. ) | |
| EDEN PLACE, LLC ) | |
| Appellant, ) | |
| v. ) | **O P I N I O N** |
| SHOLEM PERL, ) | |
| Appellee. ) | |

Argued and Submitted on March 20, 2014,
at Pasadena, California

Filed - May 30, 2014
Ordered Published - June 5, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Neil W. Bason, Bankruptcy Judge, Presiding

Appearances:     Ronald N. Richards, Esq. of the Law Offices of
Ronald Richard & Associates, APC argued for
appellant Eden Place, LLC; Appellee failed to file
a brief and waived right to oral argument.

Before:   KIRSCHER, TAYLOR and DUNN, Bankruptcy Judges.

KIRSCHER, Bankruptcy Judge:

Appellant Eden Place, LLC ("Eden Place") appeals an order from the bankruptcy court that determined, in part, that the postpetition lockout/eviction by the Los Angeles County Sheriff's Department ("Sheriff") of the debtor from his residence on June 27, 2013, made at the request of Eden Place violated the automatic stay. Based on the Panel's decision in <u>Williams v. Levi (In re Williams)</u>, 323 B.R. 691, 699 (9th Cir. BAP 2005), <u>aff'd</u>, 204 F. App'x 582 (9th Cir. 2006),[1] we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. Prepetition events**

Appellee-debtor Sholem Perl ("Perl") and a joint tenant (collectively, "Perls") owned a single-family duplex in Los Angeles, California ("Residence"). In 2005, Perls refinanced their mortgages in connection with the Residence; in 2009, Perls fell behind in their mortgage payments.

After recording a notice of default and a notice of trustee's sale, Bank of America sold the Residence on March 20, 2013 to Eden Place. Eden Place timely recorded the trustee's deed on March 29, 2013.

Perls failed to vacate the Residence after being served with a 3-day notice to quit; Eden Place filed two identical complaints (one for each side of the duplex) for unlawful detainer on

---

[1] We acknowledge Eden Place submitted a letter under Fed. R. App. P. 28(j). We discussed some of Eden Place's cited authorities, specifically In re Williams, with its counsel at the time of oral argument and were familiar with its other cited BAP authorities.

-2-

March 26, 2013 ("UD Actions").

On April 12, 2013, the Perls filed a complaint in state court against Eden Place (and others) to set aside the sale. Perls alleged claims for (1) wrongful foreclosure, (2) violation of the Homeowner Bill of Rights, (3) unfair business practices and (4) breach of contract ("Complaint to Set Aside Sale"). Eden Place filed a cross-complaint on May 7, 2013, for (1) holdover damages, (2) trespass and (3) interference with prospective economic advantage ("Cross-Complaint"), as well as a motion to expunge the lis pendens filed by the Perls.

On June 11, 2013, the state court entered an unlawful detainer judgment in favor of Eden Place (including a judgment for possession and restitution of $11,700) in the UD Actions ("UD Judgment"). The state court entered a Writ of Possession in favor of Eden Place on June 14, 2013. Sometime between June 14 and June 24, 2013, the Sheriff posted the lockout notice.

On June 19, 2013, the state court heard Perls' motion to stay the UD Judgment and set various requirements for a stay, which Perls failed to satisfy. Consequently, a second scheduled hearing for June 26 was taken off calendar; the state court did not stay the UD Judgment. Eden Place contends that when Perls failed to obtain a stay of the UD Judgment, the Sheriff was on "auto pilot" to complete the eviction.

**B.   Postpetition events**

On June 20, 2013, Perl, acting pro se, filed a "skeletal"

-3-

chapter 13[2] bankruptcy petition. Perl needed to file his schedules, statement of financial affairs, chapter 13 plan and other required documents by July 5, 2013. Although not listed as a creditor, Eden Place received notice of Perl's bankruptcy filing. On June 24, 2013, Perl's counsel faxed a letter to Eden Place's counsel and to the Sheriff's department informing them of the bankruptcy filing. In the letter, Perl's counsel asserted that no landlord-tenant relationship existed between Perl and Eden Place, so any exceptions to the automatic stay provided in § 362(b)(22) did not apply. He also asserted, citing to Westside Apartments, LLC v. Butler (In re Butler), 271 B.R. 867, 876 (Bankr. C.D. Cal. 2002), that CAL. CODE CIV. P. § 715.050[3] operated in contravention to the Code and was therefore unconstitutional.

On June 24, 2013, Perl filed a notice to remove the three state court actions — the Complaint to Set Aside Sale, the Cross-Complaint and the UD Actions ("Removed Actions"). Prior to Perl filing this notice of removal, the state court scheduled a hearing on June 25, 2013, to consider Eden Place's motion to expunge the lis pendens Perls had recorded against the Residence.

Later on June 24, 2013, Eden Place moved to remand the

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] CAL. CODE CIV. P. § 715.050 provides, in relevant part:

Except with respect to enforcement of a judgment for money, a writ of possession issued pursuant to a judgment for possession in an unlawful detainer action shall be enforced pursuant to this chapter without delay, notwithstanding receipt of notice of the filing by the defendant of a bankruptcy proceeding.

-4-

Removed Actions ("Motion for Remand") and filed its application for an order shortening time. The bankruptcy court scheduled the Motion for Remand for hearing on June 28, 2013. Also on June 24, Eden Place filed a motion in bankruptcy court for relief from stay ("Stay Relief Motion"), pursuant to the provisions of § 362(d)(1) and (2). Alternatively it asserted that the automatic stay did not apply. Eden Place asserted that it purchased the Residence at the March 20, 2013 prepetition foreclosure sale, that the trustee's deed had been properly recorded, that the UD Judgment had been obtained as well as a Writ of Possession and that the Residence was not property of Perl's bankruptcy estate. The bankruptcy court set a hearing on the Stay Relief Motion for July 9, 2013.

Notwithstanding the bankruptcy filing and Eden Place's pending Stay Relief Motion, the Sheriff proceeded with Perls' lockout on June 27, 2013, thereby evicting the Perls. Some of Perls' personal belongings remained inside the Residence at the time of the eviction.

Perl, with the assistance of counsel, filed his Amended Emergency Motion to Enforce the Automatic Stay, Set Aside the Eviction and for Order in Contempt ("Emergency Motion to Enforce Stay") and his application for order shortening time. Perl asserted that by continuing the eviction process against him and eventually evicting him, Eden Place had violated the automatic stay pursuant to § 362(a)(1)-(3). Specifically, Perl asserted that his possessory interest in the Residence constituted an equitable interest under § 541(a) protected by § 362(a)(3), citing In re Butler and Di Giorgio v. Lee (In re Di Giorgio), 200 B.R.

-5-

664, 670 (C.D. Cal. 1996), <u>vacated on mootness grounds</u>, 134 F.3d 971 (9th Cir. 1998). Perl also asserted that his pending litigation to set aside the sale and his dispute over the validity of the UD Judgment created a protected equitable interest in the Residence. Perl requested that his Emergency Motion to Enforce Stay be heard on June 28 along with Eden Place's Motion for Remand. A few hours later, Eden Place filed an objection to Perl's Emergency Motion to Enforce Stay, contending that it was moot and procedurally defective.

On June 27, 2013, the bankruptcy court entered its order setting the hearing on Perl's Emergency Motion to Enforce Stay and on Eden Place's Stay Relief Motion for June 28, 2013.

Just hours before the scheduled hearing, Eden Place filed another objection to Perl's Emergency Motion to Enforce Stay. Eden Place argued that, under California law, once the foreclosure occurred and Eden Place recorded its trustee's deed on March 29, 2013, Perl had no legal or equitable interest in the Residence protected by the automatic stay at the time of the eviction on June 27, 2013; he was merely a squatter or trespasser with no cognizable interest. Eden Place further argued that Perl's motion failed to recognize ample authority which supports the position that continued enforcement of a prepetition unlawful detainer judgment is not a violation of the automatic stay. Citing <u>Lee v. Baca</u>, 73 Cal. App. 4th 1116, 1117-18 (1999), a case involving a residential tenant and landlord, Eden Place argued that an unlawful detainer judgment extinguishes the residential tenant's interest in the property and that a postjudgment bankruptcy filing does not affect the landlord's right to regain possession of the

-6-

property because it is not, at that point, property of the tenant-debtor's estate. Eden Place also cited <u>Marquand v. Smith (In re Smith)</u>, 105 B.R. 50, 53-54 (Bankr. C.D. Cal. 1989), which held that a debtor-tenant has no legal or equitable interest in rented property once a judgment for possession has been entered in favor of the landlord. Based on these authorities, Eden Place argued that Perl lost whatever possessory interest he might have had in the Residence upon entry of the UD Judgment, so the Sheriff's execution of the Writ of Possession did not affect property of the estate. Eden Place also took the position that once the UD Judgment and Writ of Possession were issued, the Sheriff had no choice but to proceed with the eviction.

Eden Place acknowledged the holdings of <u>In re Butler</u> and <u>In re Di Giorgio</u>, but argued that both cases were inapplicable because they were "tenant" cases, not "squatter" cases. Eden Place further argued that these cases were weakened with the addition of § 362(b)(22) under the amendments of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which clarifies that residential tenants, subject to certain limitations, are not protected by the automatic stay. Eden Place contended that no federal courts of appeals have ever ruled that a squatter who loses an unlawful detainer action still has a cognizable property interest that would warrant invoking the automatic stay. Alternatively, Eden Place argued that cause existed to annul the stay retroactively to June 20, 2013.

The hearing on the Emergency Motion to Enforce Stay, the Stay Relief Motion and the Motion for Remand proceeded on June 28, 2013. Counsel for both parties appeared. Before the parties

-7-

presented oral argument, the bankruptcy court opined that the postpetition enforcement of the Writ of Possession on June 27 "seem[ed] to be something that would violate the automatic stay." Hr'g Tr. (June 28, 2013) 2:19-20. After hearing brief argument from counsel for Eden Place, the bankruptcy court made its initial findings with respect to whether Eden Place violated the automatic stay:

> THE COURT: Okay. Well, let's back up a moment here. As of the petition date, before the sheriff went in and evicted, there was a possessory interest, correct, or am I misunderstanding the facts?
>
> MR. RICHARDS: Well, there was a possessory interest of naked possession, yes.
>
> THE COURT: Okay.
>
> . . .
>
> MR. RICHARDS: So other than a naked possessory interest, that's all there was.
>
> THE COURT: I understand. I do not follow In re Smith.
>
> MR. RICHARDS: Okay.
>
> THE COURT: And in my view, the bare possessory interest, coupled with the possibility of some sort of relief, may be sufficient to give the bankruptcy estate a protected interest that is subject to the automatic stay.

Id. at 5:3-10, 15-23. The court also noted that despite Eden Place's argument respecting a residential tenant under § 362(b)(22), this was not a rental situation. Id. at 5:24-6:15. Counsel then noted that In re Butler was also a landlord-tenant case and not a case that dealt with squatters who lose their house to foreclosure. Id. at 7:6-9.

After hearing further argument from the parties, the bankruptcy court took a brief recess to review the cases cited by the parties. However, before the recess, the court opined:

-8-

I will note that the automatic stay is a little broader than just a property interest.

It's not just any act to obtain possession of the property of the estate or to exercise control over property of the estate, an enforcement against the debtor or against property of the estate of a judgment obtained before commencement of the case.

Now, when we're talking about a cause of action or claims or defenses such as an assertion of a right to possession, even if that's after a writ of possession, there are still claims there.

Any by – if – it may be that the automatic stay applies even to the more limited bundle of rights that still exists. It may not even be a bundle. It might just be the opportunity to seek some relief.

Id. at 34:17-35:7.

Upon further review of the cases cited by the parties, the bankruptcy court determined that the eviction was a violation of the automatic stay and was therefore void. The bankruptcy court granted Eden Place's Motion for Remand and Eden Place's Stay Relief Motion prospectively, modifying the automatic stay to permit Perl until July 12, 2013, to seek relief from the state court and denied Eden Place's request to annul the stay retroactively. The bankruptcy court entered an order after the hearing containing the following relevant part: "The eviction of the debtor by the Sheriff, at the request of the movant, after the bankruptcy petition was filed violated the automatic stay and is void[.]" June 28, 2013 Order ("Order").

The bankruptcy court declined to impose any contempt sanctions against Eden Place for the stay violation because Perl had not yet offered any evidence of damages due to the eviction. Sanctions would be decided at a later hearing, after the state court had an opportunity to rule on Perl's claims. The bankruptcy

-9-

court directed the parties to file a status report informing it of the state court proceedings.

Eden Place filed a status report on July 15, 2013.[4] Despite extensions to file his schedules and other required documents, Perl never filed anything further in his bankruptcy case. The case was ultimately dismissed on August 8, 2013, for Perl's failure to appear at the scheduled § 341(a) meeting of creditors.

Eden Place timely appealed the Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.[5]

## III. ISSUE

Did the bankruptcy court err when it determined that Eden Place violated the automatic stay with the postpetition eviction of Perl?

## IV. STANDARD OF REVIEW

Whether the automatic stay provisions of § 362 have been violated is a question of law we review de novo. McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In re Pettit), 217 F.3d 1072, 1077 (9th Cir. 2000) (citing Cal. v. Taxel (In re Del

---

[4] According to Eden Place, the Perls' lis pendens was expunged. The UD Actions were closed. Perl's counsel filed a state court appeal. Eden Place transferred the Residence to a new owner. Perl was allowed access to the Residence to remove some of his remaining personal belongings, but he also allegedly removed certain fixtures from the property, including two dishwashers, two cooktops and their hoods.

[5] On January 9, 2014, a motions panel determined that this appeal was not moot, despite the dismissal of Perl's bankruptcy case, because Eden Place could still be subject to a claim for damages at some point in the future based on the Order. We agree. Therefore, we have jurisdiction over this appeal.

Mission Ltd.), 98 F.3d 1147, 1150 (9th Cir. 1996)).

## V. DISCUSSION

The sole issue in this appeal is whether, at the time Perl filed his bankruptcy petition, he had any remaining interest in the Residence protected by the automatic stay. Eden Place contends that he did not and that the bankruptcy court erred in determining that Perl's possessory interest was a sufficient estate interest to trigger the protections of the automatic stay under § 362(a).

**A. The bankruptcy court did not err when it determined that Eden Place had violated the automatic stay.**

"The automatic stay under § 362 is designed to give the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations." In re Pettit, 217 F.3d at 1077 (citation omitted). The stay is self-executing, effective upon the filing of the bankruptcy petition, and sweeps broadly. Id. It stays the "commencement or continuation . . . or other action or proceeding against the debtor that was or could have been commenced before the [filing of the bankruptcy]," as well as the enforcement of a prepetition judgment against the debtor or property of the estate. § 362(a)(1) & (2).

It also stays actions to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." § 362(a)(3). "Property of the estate" is also broadly defined to include all of the debtor's legal and equitable interests in property as of the commencement

-11-

of the case, wherever located and by whomever held. § 541(a). See also Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 587 (9th Cir. BAP 1995) (automatic stay protects property of the estate in which the debtor has a legal, equitable or possessory interest) (citing Interstate Commerce Comm'n v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir. 1991)). Bankruptcy courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case. Butner v. United States, 440 U.S. 48, 54-55 (1978).

Actions taken in violation of the automatic stay are void. Griffin v. Wardrobe (In re Wardrobe), 559 F.3d 932, 934 (9th Cir. 2009) (citing Gruntz v. Cnty. of Los Angeles (In re Gruntz), 202 F.3d 1074, 1082 (9th Cir. 2000) (en banc)).

In determining whether Eden Place violated the automatic stay by proceeding with the eviction of Perl, we must determine whether Perl had any remaining interest in the Residence on the date he filed bankruptcy. Because the Residence is located in California, California law controls this determination. Here, it is undisputed that Eden Place purchased the Residence and timely recorded its trustee's deed prepetition. Under CAL. CIV. CODE § 2924h(c), "the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale[.]" "The purchaser at a nonjudicial foreclosure sale receives title under a trustee's deed free and clear of any right, title or interest of the trustor. A properly conducted nonjudicial foreclosure sale

-12-

constitutes a final adjudication of the rights of the borrower and lender." Wells Fargo Bank v. Neilsen, 178 Cal. App. 4th 602, 614 (2009) (citations and quotation marks omitted). See also 4 Miller & Starr, Cal. Real Estate § 10:208 (3d ed. 2009) (Under California law, "[t]he purchaser at the foreclosure sale receives title free and clear of any right, title, or interest of the trustor or any grantee or successor of trustor."). Accordingly, title to the Residence passed to Eden Place free and clear of any right, title or interest of Perl's about three months before he filed his chapter 13 bankruptcy petition. Thus, Perl's ownership interest in the Residence was eliminated prepetition. Therefore, to find that Eden Place violated the automatic stay, we must determine whether Perl held some other sort of interest in the Residence recognized by California law at the time he filed bankruptcy.

Prepetition, Eden Place had successfully obtained the UD Judgment, and Perl's efforts to stay that judgment failed. A Writ of Possession in favor of Eden Place was also issued prepetition. It is undisputed that Perl was in possession of the Residence at all relevant times. We often cite the following passage from a well-known treatise in cases where the order on appeal concerns the bankruptcy court's decision to grant relief from stay so that the purchaser may proceed with its eviction action against the holdover debtor-borrower:

> Where a real property nonjudicial foreclosure was completed and the deed recorded prepetition, the debtor has neither legal nor equitable title to the property at the time the bankruptcy petition is filed. Although the debtor may still be in possession of the premises, his or her status is essentially that of a "squatter." The mortgagee (or purchaser at the foreclosure sale) is entitled to the property and thus relief from the stay should be granted.

-13-

Kathleen P. March and Alan M. Ahart, CALIFORNIA PRACTICE GUIDE: BANKRUPTCY ¶ 8:1196 (2009) (emphasis in original).  See Wells Fargo Bank v. Edwards (In re Edwards), 454 B.R. 100, 106 (9th Cir. BAP 2011), as just one of many examples.

We have determined in cases with facts such as these that "cause" was established to grant relief from stay because the debtor, hence the estate, no longer had any interest in the real property at issue when he or she filed for bankruptcy.  Id. at 107.  See also Nyamekye v. Wells Fargo Bank (In re Nyamekye), 2011 WL 3300335, at *5-6 (9th Cir. BAP Feb. 15, 2011) (determining that because an unlawful detainer judgment and writ of possession had been obtained by the creditor prepetition, neither the holdover debtor-borrower nor her estate had any ownership interest or right in the property; therefore cause was shown to grant relief from stay).

A distinction exists between the analyses required for stay relief matters and violation of stay matters.  In the former, the creditor is summarily attempting to establish a colorable claim in terms of an interest in a debtor's secured note or an interest in debtor's property.  In considering the interest in debtor's property, an analysis is made as to the strength of debtor's interest vis-a-vis creditor's interest in the same property.  Consequently, terms like "owner" and "squatter" appear.  See In re Edwards, 454 B.R. at 105-06.  In the latter, the debtor is attempting to establish that the creditor is violating the automatic stay by taking some action against the debtor or against property of the estate.  In this instance, the strength of one's interest is not determinative; but more importantly, if debtor or

-14-

the estate has "any" interest the question becomes: is the creditor's action violative of the stay. Creditor's action may be violative even if a minimal interest, such as a squatter's or possessory interest, is held by the debtor or the estate. See In re Di Giorgio, 200 B.R. at 672-74.

In a case factually similar to Nyamekye concerning whether a party had violated the automatic stay, we held that a debtor-borrower had a possessory interest in the real property at issue by virtue of his or her physical occupancy. In re Williams, 323 B.R. at 699. In In re Williams, we cited In re Butler, 271 B.R. at 876-77, with approval and for the proposition that under California law a debtor-tenant's mere physical possession of apartment premises after writ of possession had issued in favor of landlord in unlawful detainer action is an equitable interest in the property, protected by the automatic stay. In other words, we extended the holding of In re Butler to include a debtor-former homeowner as opposed to only a debtor-tenant under a residential lease. We also cited In re Di Giorgio, which similarly held that under California law mere possession of real property, even after a writ of possession has issued, creates a protected equitable interest subject to the automatic stay. 200 B.R. at 671-73. Granted, In re Di Giorgio, a case from 1996, involved a residential tenant as opposed to a former homeowner, and, as we discuss below, residential tenants are no longer given the protection of the automatic stay if certain limitations are satisfied. However, the holding in In re Di Giorgio appears broad, and the district court did not limit its analysis as to what constitutes a "possessory interest" under California law

-15-

strictly to residential tenants under a lease. "Under California law, mere possession of real property creates a protected interest." Id. at 671 (citing to CAL. CIV. CODE § 1006, which states: "Occupancy for any period confers a title sufficient against all except the state and those who have title . . . ."). "[T]he mere possession of real estate is constantly treated as property which may be purchased and sold, and for the recovery of which an action may be maintained against one having no better title." King v. Goetz, 70 Cal. 236, 240, 11 P. 656, 658 (1886). See 12 WITKIN ON REAL PROP., SUMMARY 10TH (2005) § 208 (possession gives possessor substantial right).

In In re Williams, the debtor had transferred record title to his condominium to his girlfriend prepetition, but was still occupying the condo when he filed bankruptcy and at the time the homeowners association foreclosed its lien on the property. Recognizing that the debtor had no recorded interest in the condo on the petition date, we determined that he nonetheless held a possessory interest in it that was property of the estate under § 541(a) and protected by the automatic stay. 323 B.R. at 699. We remanded that portion of the order to have the bankruptcy court determine whether any stay violation damages were appropriate. Id. at 702.

Eden Place had not cited to In re Williams in its brief and appeared to be unaware of it at the time of oral argument. Instead, Eden Place argues that the bankruptcy court erred by not following In re Smith and contends that we should adopt it, and further contends that we should reject In re Butler. In In re Smith, the bankruptcy court held that where a residential

-16-

landlord obtained an unlawful detainer judgment prepetition, the debtor-tenant has no legal or equitable interest in the property protected by the automatic stay. 105 B.R. at 54. The court further held that the debtor-tenant's physical possession of the property was not a property interest recognized by law. Id. Notably, it did not cite to any California authority for this proposition. The court went on to conclude that it was not necessary for the movant to obtain relief from stay in order to regain possession of the apartment. Id.

We decline to adopt In re Smith for two reasons. First, it is contrary to our holding in In re Williams, and we are bound by our precedent. Gaughan v. The Edward Dittlof Revocable Trust (In re Costas), 346 B.R. 198, 201 (9th Cir. BAP 2006) (absent a change in the law, we are bound by our precedent). For that same reason, we are not inclined to reject In re Butler. Second, the concerns expressed by the bankruptcy court in In re Smith regarding what it viewed as a lack of power of residential landlords have been addressed with the addition of § 362(b)(22).[6] Under that provision, absent certain limitations not relevant

---

[6] Section 362(b)(22) provides that the filing of a bankruptcy petition does not create a stay "subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor[.]"

Section 362(l) provides, however, that a 30-day stay shall apply if there is a rent default by a debtor-tenant, where the debtor certifies with the bankruptcy petition that he or she can cure the default and deposits with the clerk the amount of rent due for the next 30 days.

-17-

here, the automatic stay does not apply to cases under which the debtor resides as a tenant under a lease or rental agreement and where the lessor has obtained before the bankruptcy filing a judgment for possession.  As the bankruptcy court observed in the instant case, we do not have a rental property situation, and clearly, we have no lease or rental agreement between the parties.

Eden Place argues that In re Smith is consistent with California law, where a judgment for possession has issued.  CAL. CODE CIV. P. § 715.050 provides, in relevant part, that "a writ of possession issued pursuant to a judgment for possession in an unlawful detainer action shall be enforced pursuant to this chapter without delay, notwithstanding receipt of notice of the filing by the defendant of a bankruptcy proceeding."  In other words, CAL. CODE CIV. P. § 715.050 provides that a writ of possession obtained in an unlawful detainer action must be executed despite a defendant's filing of a postjudgment bankruptcy petition.  Two courts have held that this statute is preempted by federal bankruptcy law and is therefore unconstitutional on its face.  In re Di Giorgio, 200 B.R. at 675; In re Butler, 217 B.R. at 876.  One California Court of Appeal has held to the contrary. See Lee, 73 Cal. App. 4th at 1119-20 (relying on In re Smith to hold that CAL. CODE CIV. P. § 715.050 survives a preemption attack). We are not persuaded by Lee and agree with the reasoning of In re Butler and In re Di Giorgio.  Clearly, with the statute's express reference to the filing of a bankruptcy petition, its purpose is to carve out an exception to the automatic stay provided by federal law.  This exception is preempted by § 362(a). While state law determines the existence and scope of a debtor's

-18-

interest in property, federal law determines whether that property interest is protected by the automatic stay. In re Di Giorgio, 200 B.R. at 673 n.4; In re Gruntz, 202 F.3d at 1082 ("The automatic stay is an injunction issuing from the authority of the bankruptcy court, and bankruptcy court orders are not subject to collateral attack in other courts.").

Finally, Eden Place argues that the eviction did not violate the automatic stay because it was a "ministerial act," and that the Sheriff was on "auto pilot" and had no choice but to execute the Writ of Possession. We fail to see where Eden Place raised this argument before the bankruptcy court. We generally do not consider arguments raised for the first time on appeal, and we do not exercise our discretion to do so in this case. O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957 (9th Cir. 1989). See also Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.), 252 F.3d 1039, 1045 n.3 (9th Cir. 2001) (appellate court will not explore ramifications of argument because it was not raised below and, accordingly, was waived).

We conclude that, based on our holding in In re Williams, Perl's physical occupation of the Residence conferred a possessory interest under California law that was protected by the automatic stay. Even Eden Place must have thought that Perl possibly had some sort of interest or it would not have filed the Stay Relief Motion.

To "willfully" violate the automatic stay, the alleged violator must have knowledge of the automatic stay and have intentionally violated the stay. Ozenne v. Bendon (In re Ozenne), 337 B.R. 214, 220 (9th Cir. BAP 2006). The record reflects that

-19-

Eden Place was on notice of Perl's bankruptcy filing prior to the eviction on June 27, 2013, even if notice was only based on counsel's faxed letter. "Knowledge of the bankruptcy filing is legal equivalent of knowledge of the automatic stay." Id. (citing In re Ramirez, 183 B.R. at 589). Informal notice suffices. In re Ozenne, 337 B.R. at 220 (citing Morris v. Peralta (In re Peralta), 317 B.R. 381, 389 (9th Cir. BAP 2004)). Further, the acts here were intentional. Whether Eden Place believed in good faith that it had a right to the Residence is irrelevant to the analysis of whether its act was intentional. Id. at 221 (citations omitted). Accordingly, we conclude that Eden Place violated the automatic stay when it did not advise the Sheriff to desist in its efforts to lock out and evict Perl from the Residence. We further note that changing the locks on the Residence, locking inside Perl's personal property, which was also property of the estate, was an act to exercise control over property of the estate in violation of § 362(a)(3). See In re Gagliardi, 290 B.R. 808, 815 (Bankr. D. Colo. 2003).

## VI. CONCLUSION

Based on the foregoing reasons, we AFFIRM the portion of the Order ruling that the postpetition lockout/eviction by the Sheriff of the debtor from his residence on June 27, 2013, violated the automatic stay and is void.